■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD E. STUBBS, Appellant. [604 NYS2d 825] —Yesawich Jr., J. Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered November 18, 1986, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and promoting prison contraband in the first degree.

Defendant's initial argument focuses on the People's pur-

ported use of a peremptory challenge to excuse an African-American juror solely on the basis of race. This issue, however, has not been preserved for review *(see, People v Holland,* 179 AD2d 822, 824, *lv denied* 79 NY2d 1050; *People v Diaz,* 177 AD2d 982, *lv denied* 79 NY2d 855). Although the trial was held in what defense counsel refers to as a predominantly white community, there is no information in the record as to the racial makeup of the potential jurors, the race of those jurors peremptorily challenged by the People, or any indication that defendant sought, during the jury selection process, to raise the objection he now makes. There is no reason, on this record and the papers before us, to invoke our discretion to address this issue in the interest of justice.

Also unavailing is defendant's contention that County Court erred in refusing to grant a continuance so that he could retain substitute counsel. In view of the fact that defendant articulated no compelling reason to replace his assigned counsel, or identified any specific aspect of the representation with which he was dissatisfied, and given that the application was made on the eve of trial and defendant had over six months between his arraignment and trial to seek substitute counsel, County Court's denial of the request cannot be said to be an abuse of discretion *(see, People v Jimenez,* 179 AD2d 840, 841, *lv denied* 79 NY2d 949; *People v Williams,* 167 AD2d 491, 492, *lv denied* 77 NY2d 845).

Nor do we find merit in defendant's claim that he was not afforded effective assistance of counsel. When the record is considered in its entirety *(see, People v Baldi,* 54 NY2d 137, 147; *People v Keller,* 194 AD2d 877), it is evident that meaningful representation was furnished at every stage of the proceedings. The mere fact that his assigned trial counsel was apparently disbarred several years after defendant's trial is of no moment, for there is no showing that the disbarment was based on counsel's failure to have met the substantive requirements for admission to practice in New York or that fear of discipline resulted in counsel providing defendant with a less than vigorous defense *(see, People v Carney,* 179 AD2d 818, 818-819, *lv denied* 80 NY2d 894; *cf., United States v Novak,* 903 F2d 883, 888-890; *People v Williams,* 140 Misc 2d 136, 139-141).

Mikoll, J. P., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.