■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. ROBERT ANTHONY VEGLIANTE, Admitted on July 11, 1988, at a Term of the Appellate Division, First Department. [727 NYS2d 306] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P, Williams, Mazzarelli, Ellerin and Saxe, JJ. [*See*, 257 AD2d 127.]

(June 21, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WASHINGTON, Appellant. [726 NYS2d 268] —Judgment, Supreme Court, New York County (Joan Sudolnik, J., on dismissal motion; Daniel FitzGerald, J., at jury trial and sentence), convicting defendant of grand larceny in the fourth degree and petit larceny, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

Defendant was not denied the right to testify before the Grand Jury, since there is no evidence in the record that the prosecutor received the requisite written notice prior to the filing of the indictment (*see*, *People v Madsen*, 254 AD2d 152, *lv denied* 92 NY2d 1035; *People v Crisp*, 246 AD2d 84, 86). In any event, the prosecutor afforded defendant an opportunity to testify that was reasonable, given the belated nature of defendant's oral request, and did not act precipitously in presenting the matter to the Grand Jury (*see*, *People v Clay*, 248 AD2d 180, *lv denied* 92 NY2d 849; *People v Ferrara*, 99 AD2d 257, 261).

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.