THIRD DEPARTMENT, SEPTEMBER, 2001

(September 6, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORBERTO J. FELIX-TORRES, Appellant. [730 NYS2d 257] —Rose, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered May 14, 1999, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, criminal use of a firearm in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree.

In a our prior decision (281 AD2d 649), we remitted this matter to County Court to afford defendant an opportunity to demonstrate that actual prejudice arose from the nondisclosure of certain *Rosario* material as now required by CPL 240.75 and, in the event he did so, to permit County Court to determine whether the nondisclosure constituted grounds for vacating the conviction. At a hearing on May 22, 2001, County Court determined that defendant failed to sustain his burden of establishing actual prejudice arising from the People's nondisclosure. There being no further submissions by the parties in this matter and given defense counsel's concession at the hearing that she could not point to any specific aspect of the trial that would have been materially affected by timely disclosure, we perceive no error in County Court's determination of this threshold issue. Accordingly, we find no *Rosario* violation warranting vacatur of the judgment of conviction (*see*, CPL 240.75).

Crew III, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.