■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSEF BROWN, Appellant. [752 NYS2d 755] —Lahtinen, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered October 31, 2001, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

While defendant was an inmate at Great Meadow Correctional Facility in Washington County, an indictment was handed up charging him with the crimes of promoting prison contraband in the first degree, attempted assault in the second degree and criminal possession of a weapon in the third degree. At his arraignment, defendant was assigned counsel and he entered a plea of not guilty. During further proceedings, defendant claimed that his counsel was ineffective because he failed to seek dismissal of the indictment on the ground that defendant's request to testify before the grand jury was improperly denied. County Court assigned new counsel who proceeded to make an omnibus motion for dismissal of the indictment on the basis, inter alia, that "defendant timely and

properly gave notice to the Washington County District Attorney's Office of his intention to exercise his right to testify before the [g]rand [j]ury, but was denied his constitutional right to testify resulting in a defective [g]rand [j]ury proceeding." County Court declined to dismiss the indictment on this basis, finding that defendant did not make a timely request to the District Attorney to testify before the grand jury. Thereafter, defendant entered an *Alford* plea to attempted promoting prison contraband in the first degree in full satisfaction of the indictment, but specifically reserved his right to appeal County Court's denial of his motion to dismiss the indictment because of the District Attorney's failure to comply with CPL 190.50 (5) (a). After being sentenced as a second felony offender to a prison term of 1½ to 3 years, to run consecutive to the sentence he was then serving, defendant appeals.

Defendant argues that he was deprived of his statutory right to testify at the grand jury proceedings pursuant to CPL 190.50 (5) (a). That provision states, in pertinent part: "When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent" (CPL 190.50 [5] [a]). Defendant maintains that he sent a letter to the District Attorney on February 4, 2001 advising of his desire to testify before the grand jury, but was never advised of when the presentment would be made. The District Attorney, however, claims that the letter was never received. The record discloses that the letter was addressed to Janet De Carlo, the Deputy Chief Clerk of the Supreme and County Courts. According to the affirmation submitted by Assistant District Attorney Alexander McDonald, no evidence of the letter was found in the records of the District Attorney's office. It has been held that actual receipt by the District Attorney, not mailing, is necessary to trigger the obligation to provide a criminal defendant the opportunity to testify before a grand jury pursuant to CPL 190.50 (5) (a) (*see People v Washington*, 284 AD2d 220, *lv denied* 96 NY2d 925; *People v Crisp*, 246 AD2d 84, 86, *lv dismissed* 93 NY2d 898). Since the letter was incorrectly addressed and defendant offered no proof that the District Attorney, in fact, received his February 4, 2001 letter, there was no statutory violation.

In addition, defendant contends that his first attorney's rep-

resentation was ineffective because he ignored defendant's request to seek dismissal of the indictment based upon the District Attorney's failure to allow him to testify before the grand jury. Even if such allegations were true, this alone would not constitute ineffective assistance of counsel (*see People v Rogers*, 228 AD2d 623, 624, *lv denied* 88 NY2d 993). In any event, any defect was remedied by the omnibus motion made by defendant's second attorney, which County Court considered even though it was made more than five days after defendant's arraignment (*see* CPL 190.50 [5] [c]).

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.