Mercure, J.E
Appeal from a judgment of the Supreme Court (Teresi, J.), rendered October 10, 2001 in Albany County, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree, criminal possession of a weapon in the third degree and promoting prison contraband in the first degree.
In January 2001, defendant was an inmate at the Albany County Correctional Facility. During an altercation involving several inmates, defendant allegedly cut the victim’s arm with a razor blade. Correction officers arriving at the scene saw defendant with his hands in the back of his pants. The facility’s body orifice security system subsequently detected that defendant had a piece of metal in the area of his buttocks and a strip search revealed grease on his underwear. After obtaining a search warrant, police officers transported defendant to the hospital, where X rays were taken revealing that defendant had a razor blade concealed in his rectum. Defendant eventually removed the razor blade and turned it over to authorities.
Thereafter, a grand jury indicted defendant, charging him with the crimes of assault in the first and second degrees, criminal possession of a weapon in the third degree, and promoting prison contraband in the first degree. Following a jury trial, defendant was convicted of all charges. He was sentenced to a prison term of 20 years for the first degree assault conviction and lesser concurrent terms on the remaining convictions. Defendant appeals and we now affirm.
Initially, defendant argues that his convictions must be reversed because the Feople violated People v Rosario (9 NY2d 286 [1961], cert denied 368 US 866 [1961]) by failing to disclose *797 a written statement given by a witness. Specifically, defendant asserts that the People failed to supply him with a “miscellaneous report” compiled by a correction officer who observed defendant in his holding cell immediately following the incident. The correction officer testified that the report contained a narrative of his involvement in the incident and that he submitted the report to Department of Correctional Services investigators. The People informed Supreme Court that they were not in possession of the report and, indeed, there is no evidence that the People ever had possession and control of the miscellaneous report. Further, because the Department of Correctional Services was acting as an administrative agency in this matter, the People had no duty to attempt to locate and gain possession of the report for the purpose of turning it over to defendant (see People v Howard, 87 NY2d 940, 941 [1996]; People v Livingston, 262 AD2d 786, 790 [1999], lv denied 94 NY2d 881 [2000]; see also People v Kelly, 88 NY2d 248, 251-252 [1996]). Therefore, we conclude that no Rosario violation occurred here. In any event, even assuming that the People failed to disclose Rosario material, we note that such failure is now subject to harmless error analysis (see CPL 240.75; People v Felix-Torres, 286 AD2d 784, 784 [2001], lv denied 97 NY2d 681 [2001]). Inasmuch as defendant has not demonstrated prejudice, his argument must fail.
We also reject defendant’s contention that Supreme Court erred in denying his request for substitute counsel. “[T]he constitutional right to defend by counsel of one’s own choosing does not bestow upon a criminal defendant the absolute right to demand that his trial be delayed while he selects another attorney to represent him at trial” (People v Arroyave, 49 NY2d 264, 271 [1980]). Public policy considerations against delay weigh heavier when a motion to substitute counsel is made on the eve of trial (see id. at 271-272).
In this case, defendant, who was assigned counsel from the Albany County Public Defender’s office, requested a continuance on the eve of trial to hire an attorney of his own choosing. Defendant indicated that he was unable to maintain meaningful contact with assigned counsel due to communication restrictions imposed by officials at the federal prison in which he was incarcerated and that he received discovery later than expected. Notably, defendant did not explain his failure to make his request earlier or how substitute counsel would overcome the restrictions that hindered contact with his assigned counsel. Moreover, counsel informed Supreme Court that, other than his inability to locate a certain witness, he was ready to proceed to *798 trial, and the People also stated that they were ready to proceed. Given the timing of the motion, the absence of exigent circumstances and defendant’s failure to articulate a compelling reason for substitution, Supreme Court’s denial of defendant’s request cannot be said to be an abuse of discretion (see People v Skaar, 225 AD2d 824, 825-826 [1996], lv denied 88 NY2d 854 [1996]; People v Stubbs, 197 AD2d 746, 747 [1993]; cf. People v Sides, 75 NY2d 822, 824-825 [1990]).
We have considered defendant’s remaining arguments and conclude that they are either meritless or unpreserved for our review.
Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.