■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON TORRES, Appellant. [787 NYS2d 519]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 23, 2003, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, an inmate at Elmira Correctional Facility in Chemung County, was indicted and charged with promoting prison contraband in the first degree for having in his possession a 7³/₈-inch broken piece of plastic mirror discovered during a pat frisk following an altercation with another inmate. Defendant moved unsuccessfully to have the indictment dismissed on the ground that he was not afforded an opportunity to testify before the grand jury, he entered and then withdrew a plea of guilty, and he made a number of unsuccessful requests for assignment of substitute counsel. Following a jury trial, he was convicted as charged and now appeals.

Although defendant contends that County Court should have dismissed the indictment because the People never responded to his request to testify before the grand jury (see CPL 190.50 [5] [a]), he failed to meet his burden to prove actual receipt by the District Attorney of his written request to testify (see People v Brown, 300 AD2d 918, 919 [2002], lv denied 100 NY2d 536 [2003]). Defendant alleged that he had mailed such a request, but there is no evidence in the record that it was ever received by the District Attorney (see id.; People v Washington, 284 AD2d 220 [2001], lv denied 96 NY2d 925 [2001]).

Defendant's ineffective assistance of counsel claim is also unavailing. In essence, he alleges that his counsel failed to adequately communicate with him and employed an unfocused

trial strategy. Given defendant's early concession that the piece of mirror was his and he knowingly possessed it, counsel's strategy to show that it was not dangerous was reasonable and cannot be faulted merely because the jury resolved the conflicting testimonies against defendant (*see People v Plaisted*, 2 AD3d 906, 909-910 [2003], *lv denied* 2 NY3d 744 [2004]). While we are aware that defendant and his counsel had difficulties communicating, our review of the circumstances of the case and counsel's performance as a whole leads us to conclude that meaningful representation was provided (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Gilliam*, 300 AD2d 701, 701 [2002], *lv denied* 99 NY2d 628 [2003]).

We must also reject defendant's contention that County Court erred in denying his request that substitute defense counsel be assigned. Defendant complained to County Court that his counsel had not been responsive to his requests and would not call certain witnesses he believed to be important to his defense. County Court responded to this concern by directing defense counsel to subpoena the four witnesses sought by defendant. Given County Court's efforts to meet defendant's concerns, and defendant's failure to articulate any other compelling reason for substitution, the denial of his request cannot be said to be an abuse of discretion (*see People v Skaar*, 225 AD2d 824, 825-826 [1996], *lv denied* 88 NY2d 854 [1996]; *People v Stubbs*, 197 AD2d 746, 747 [1993]).

Finally, defendant argues that the jury's verdict was against the weight of the evidence because the piece of plastic mirror was not "dangerous" (*see* Penal Law § 205.25 [2]). Contraband is considered dangerous if it is "capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]). At trial, the prosecution presented the testimony of two correction officers that the object found in defendant's possession was pointed, had the appearance of a knife and could be used to inflict injury on an officer or inmate (*see People v Rosario*, 262 AD2d 802, 803 [1999], *lv denied* 93 NY2d 1026 [1999]). Defendant testified that he used the object as a scraping tool in his work as a porter, it was not a practical weapon and he had no intent to use it as a weapon. Two other inmates also testified that use of the object as a weapon was risible. Since the object was available to the jury for examination, we discern no reason to reject the jury's assessment of the credibility of the witnesses or conclude that the jury "failed to give the evidence the weight it should be accorded" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Amato*, 1 AD3d 713, 716 [2003], *lv denied* 1 NY3d 594 [2004]).

Mercure, J.P., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.