(March 8, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER I. CRANDALL, Appellant. [830 NYS2d 867]—

Mugglin, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered March 10, 2006, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Defendant appeals from a judgment of conviction for both possession and sale of a controlled substance (cocaine) in the third degree. At trial, the jury heard the testimony of the confidential informant, who made the purchase, and the testimony of several police officers—employed either by the City of Amsterdam, Montgomery County, or the State Police—who witnessed the controlled buy. Sentenced as a second felony offender to two concurrent eight-year prison terms, defendant appeals, claiming *Rosario* violations, *Brady* violations resulting in

spoliation of exculpatory evidence, prosecutorial misconduct, police perjury and ineffective assistance of counsel.

In response to a posttrial subpoena duces tecum, the State Police turned over certain investigative reports, a continuation sheet, supplemental reports, an arrest report and the report of the impoundment of defendant's pickup truck. None of these documents was furnished to defendant prior to trial. Contrary to defendant's argument, a *Rosario* violation no longer constitutes per se error requiring reversal of the conviction and a new trial (*see* CPL 240.75; *People v Nelson*, 1 AD3d 796, 797 [2003], *lv denied* 1 NY3d 631 [2004]; *People v Felix-Torres*, 286 AD2d 784, 784 [2001], *lv denied* 97 NY2d 681 [2001]). Instead, reversal is only required when the defendant affirmatively demonstrates a reasonable possibility that the nondisclosure materially contributed to the guilty verdict (*see* CPL 240.75). After meticulous review of the record, we are persuaded that the probative value of the State Police investigative reports and the vehicle impound report not turned over by the People was so insubstantial as to eliminate any reasonable possibility that their nondisclosure contributed to the verdict, compelling the conclusion that the failure to produce these items is harmless as a matter of law.

Next, we reject defendant's claim of spoliation of evidence as a result of claimed *Brady* violations. In essence, defendant's claim is that when the police impounded his truck, they confiscated certain records and his cell phone from the cab of the truck and gave them to his daughter, from whom he is estranged, and that these items have disappeared. In particular, defendant claims that it would be possible to retrieve from his cell phone information which would prove that the confidential informant did not—as he testified he did—call him on the day of the controlled buy. While due process does require that the People provide a defendant with all requested exculpatory evidence relating to guilt or punishment (*see Brady v Maryland*, 373 US 83 [1963]; *People v Scott*, 88 NY2d 888, 890 [1996]), defendant has confused evidence which might be useful in affecting the credibility of a prosecution witness with evidence that is truly exculpatory—that is, that would establish his innocence. Moreover, defendant's claim that the police photographed the controlled buy but intentionally failed to produce the photographs at trial is wholly speculative and finds no record support.

We have examined defendant's remaining contentions of

prosecutorial misconduct, police perjury* and the ineffective assistance of counsel and find these equally unpersuasive.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* An Amsterdam detective who signed for the *receipt* of defendant's truck from the towing company testified on cross-examination that he did not participate in the *seizure* of the truck.