OPINION OF THE COURT
Victor J. Alfieri, Jr., J.
By notice of motion dated November 10, 2008, defendant moves to dismiss the indictment on the ground that he was denied the opportunity to testify in the grand jury in violation of Criminal Procedure Law § 190.50 (5) (a). Specifically, defendant claims that he never received notice of the grand jury presentment date. In support of his motion, defendant submitted an affirmation of counsel dated November 3, 2008 and his own affidavit dated November 10, 2008. By affirmation dated December 1, 2008, the People oppose the relief sought and argue that they mailed to defendant, at his Spring Valley address, a letter dated September 22, 2008 and notice of grand jury proceeding, both of which are attached as exhibit A to the People’s affirmation. Defendant thereafter submitted a reply affirmation dated December 3, 2008. Pursuant to Criminal Procedure Law § 210.45 (4), defendant’s motion is granted.
Criminal Procedure Law § 190.50 (5) guarantees a defendant, who is arraigned on an undisposed felony complaint charging an offense that is a subject of a prospective or pending grand jury proceeding, the right to testify as a witness before the grand jury. Such a right is a “valued right” that must be “scrupulously protected.” (People v Fields, 258 AD2d 593, 594 [2d Dept 1999] [citations omitted].) CPL 190.50 (5) also sets forth the notification provisions that are applicable to such defendants, i.e., defendants who are arraigned on undisposed felony complaints charging an offense that is a subject of a prospective or pending grand jury proceeding. The first notification provision requires the district attorney to “notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein.” (See CPL 190.50 [5] [a].) “The notice given must be ‘reasonably calculated to apprise the defendant of the Grand Jury proceeding.’ ” (People v Quinones, 280 AD2d 559, 560 [2d Dept 2001], quoting People v Jordan, *266 153 AD2d 263, 266-267 [1990].) Once the People have notified defendant of the prospective or pending grand jury proceeding, the defendant must serve upon the district attorney, in writing, a request to testify before the grand jury setting forth an address where further communications to defendant may be sent. (See GPL 190.50 [5] [a].) Section 190.50 (5) (b) sets forth the final notification provision:
“Upon service upon the district attorney of a notice requesting appearance before the grand jury pursuant to paragraph (a), the district attorney must notify the foreman of the grand jury of such request, and must subsequently serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place.” (GPL 190.50 [5] [b].)
In the instant matter, the court first recognizes that this procedure was not followed. Here, the People mailed to defendant a letter dated September 22, 2008 (hereinafter the letter) with a notice of grand jury proceeding advising defendant that he has a right to testify before the grand jury and that, if he desires to testify, he must provide the district attorney’s office, in writing, with notice of his intent, as well as with “the name and address of the defendant’s attorney, and the address to which communications are to be sent.” (See exhibit A attached to the People’s affirmation.) As set forth in the notice, defendant’s written request to testify “must be served on this office on or before end of business September 25, 2008.” (See People’s exhibit A.) The notice also advised defendant that the presentment date was scheduled for September 26, 2008.[1] Thus, the two-tier notice requirement was improperly combined into one document. Not only did the letter inform defendant of the prospective grand jury proceeding, the letter and notice also triggered defendant’s obligations pursuant to Criminal Procedure Law § 190.50 (5) (a) to provide written notice to the district attorney’s office of his intent to testify before the grand jury. Because the letter and notice was the first notification to defendant of the prospective or pending grand jury proceeding, the district attorney was required to “accord the defendant a reasonable time to exercise his right to appear as a witness therein.” (GPL 190.50 [5] [a].)
Due to the People’s failure to comply with the specific notification requirements set forth in section 190.50 (5), the crux of *267 this court’s decision must then turn on whether the September 22, 2008 letter and enclosed notice that the People mailed to defendant was properly “served.” In his reply affirmation, defendant argues that the People’s “response is devoid of any affidavit or other competent evidence to establish that this notice was actually deposited in the mail or otherwise properly served on the defendant.” (See reply affirmation U 4.) The court has found no cases that are decidedly on point. However, the court will resolve this issue using the same reasoning with which the appellate courts have decided the issue regarding the defendant’s obligation under the same statute (§ 190.50 [5]), to “serve” his written request on the district attorney of his intent to testify before the grand jury.
As set forth in section 190.50 (5) (a), once the district attorney informs defendant of the prospective or pending grand jury proceeding, a defendant must “ serve [ ] upon the district attorney of the county a written notice” setting forth his request to appear before the grand jury. As previously indicated, it is upon the People’s receipt of defendant’s written request to testify that the People must then “serve upon the applicant. . . a notice that he will be heard by the grand jury at a given time and place.” (CPL 190.50 [5] [b].) Because the district attorney is required to act upon defendant’s notice, not when it is mailed but when it is received, “the notice of intent to testify should be deemed timely [and properly] served only if the People actually receive it before the filing of the indictment” (People v Crisp, 246 AD2d 84, 86 [1st Dept 1998]).[2] The same principle should apply to the notice that the People are required to serve on the defendant informing him of the time and place of the grand jury presentment. A defendant can only become aware of the time and place of the grand jury presentment when he receives such notice from the district attorney, not when the district attorney mails it. Since a defendant’s right to appear and testify before a grand jury is a “valued” one, this court concludes that he must be afforded actual notice of the time and place of the grand jury presentment. Since the People have not established that the defendant received actual notice, defendant’s motion must be granted.
Even if this court found that defendant was “served” with the notice when it was mailed by the district attorney, the court *268 would still be required to grant defendant’s motion to dismiss. Although Criminal Procedure Law § 190.50 (5) (a) does not set forth a specific time period within which the district attorney must notify defendant of the prospective or pending grand jury proceeding, the statute does state that a defendant must be given a “reasonable time to exercise his right to appear as a witness therein.” A “reasonable time,” in this context, is enough time “to allow . . . defendant an opportunity to consult with counsel and decide whether to testify before a Grand Jury. The concept of reasonableness is flexible and must be applied to the particular facts of a case as known at the time.” (People v Sawyer, 96 NY2d 815, 816 [2001].)
Applied here, the court finds that the People did not give defendant a reasonable time to exercise his right to testify. The letter dated September 22, 2008, which was sent to defendant via regular mail, informs defendant that the grand jury proceeding will take place on September 26, 2008, just four days later. The letter further advised defendant that he must inform the district attorney’s office, in writing, “on or before the end of business September 25, 2008” if he wishes to testify. Assuming, arguendo, that defendant received the letter the following day, defendant, who the People knew was not represented by counsel, would have had only two days to retain and confer with counsel prior to the presentment date and serve the district attorney’s office with written notice of his intent to testify. The court finds that two-day’s notice is not reasonable notice under these circumstances. (See People v Randazzo, 171 Misc 2d 541, 543 [Sup Ct, Kings County 1997] [“One day’s notice is not reasonable notice to a defendant who must contact counsel and presumably meet before waiving immunity and testifying before a Grand Jury that might indict him on felony charges”].)
In any event, it is error for this court to assume that defendant received the letter the following day. Pursuant to Civil Practice Law and Rules § 2103 (b) (2), “service by mail shall be complete upon mailing; where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period.”[3] As the People concede in their response paper that the September 22, *269 2008 letter was mailed to defendant (see People’s affirmation 1Í 5), the application of the five-day rule in CPLR 2103 would suggest that defendant received the letter on September 27, 2008, the day after the case was presented to the grand jury. Since, therefore, defendant would not have received the letter prior to the grand jury presentment, this court is compelled to find that the People failed to accord defendant a reasonable time to exercise his right to testify.
Based on the foregoing, defendant’s motion to dismiss is granted and the indictment dismissed. Pursuant to Criminal Procedure Law § 210.20 (4), the People may submit the charge(s) to the same or another grand jury.

. The court notes that the notice failed to advise defendant of the place where the grand jury met. (See CPL 190.50 [5] [b].)

. See also People v Brown (300 AD2d 918 [3d Dept 2002]) and People v Torres (14 AD3d 801 [3d Dept 2005] [defendant has the burden to prove actual receipt by the district attorney’s office of his written request to testify]).

. Although the Civil Practice Law and Rules are not binding on this court, reference to the CPLR “provides a rational analogous basis for finding that insufficient notice was provided to defendant in this matter.” (People v Randazzo, 171 Misc 2d 541, 542 [1997]; see also People v Fulton, 162 Misc 2d 360 [Sup Ct, Monroe County 1994].)