■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY C. SAPIENZA, Appellant. [904 NYS2d 568]—

McCarthy, J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered January 28, 2009, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree, criminal sexual act in the second degree (three counts), rape in the second degree (three counts), criminal sexual act in the third degree (five counts), endangering the welfare of a child (two counts), unlawfully dealing with a child in the first degree (two counts) and sexual abuse in the third degree.

A jury convicted defendant of nine counts pertaining to his sexual abuse of a young female (born in 1991) during the summer of 2005 and eight counts pertaining to his abuse of a second victim (born in 1991) during the summer and fall of 2007. County Court imposed an aggregate sentence of 21²/₃ to 35 years in prison followed by 20 years of postrelease supervision. On defendant's appeal, we uphold the jury's determination of guilt but remit for resentencing on certain counts.

The verdict was not against the weight of the evidence. The first victim testified regarding specific instances when defendant supplied her with alcohol, touched her breasts and vagina, performed oral sex on her, had anal sex with her, engaged in sexual intercourse with her and had her perform oral sex on him. Regarding the last act, she testified that he used force on one occasion. She was 13 and 14 years old when defendant committed these acts against her. The second victim testified that defendant supplied her with alcohol, touched her vagina and engaged in oral sex with her on multiple occasions when she was 16 years old. Defendant testified that he never supplied alcohol to and never engaged in any sexual contact with either victim. Several defense witnesses testified that defendant was never alone with either victim. Defendant also testified that he was impotent but his girlfriend, who did not meet him until 2006, testified that while he was unable to sustain an erection some times he could obtain one at other times. Although each of the victims admitted that she had previously lied in regard to her sexual contact with defendant, with one of the victims falsely implicating another individual as the person with whom she had sex, most of the defense witnesses had credibility problems as well. Upon weighing the proof, and giving deference to the jury's resolution of witness credibility, we find that the weight of the evidence supported the jury's verdict (*see People v Hebert*, 68 AD3d 1530, 1531-1532 [2009]).

County Court did not abuse its discretion in denying defend-

ant's request for a further adjournment to retain new counsel on the eve of trial. Criminal defendants have a constitutional right to be represented by counsel of their own choosing and "must be accorded a reasonable opportunity to select and retain" such counsel (*People v Arroyave*, 49 NY2d 264, 270 [1980]; *see People v Tineo*, 64 NY2d 531, 536 [1985]). Nevertheless, "absent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of his [or her] own choosing before that time" (*People v Arroyave*, 49 NY2d at 271). In determining whether to grant an adjournment, the court must decide whether an extension has been made necessary by forces outside the defendant's control or whether the purported exercise of the defendant's right would merely serve to delay or obstruct the proceedings (*see People v Tineo*, 64 NY2d at 536; *People v Arroyave*, 49 NY2d at 271).

Defendant was initially indicted in December 2007 and was represented by retained counsel. Due to a conflict of interest, counsel withdrew shortly before a scheduled trial date. In June 2008, when defendant was arraigned on a superceding indictment, he was represented by counsel who was apparently retained for the limited purpose of appearing at arraignment. In July 2008, defendant appeared without counsel and requested an adjournment for the purpose of retaining counsel. He made a similar request by letter in August 2008. County Court granted both requests, emphasizing that defendant needed to obtain counsel because a trial was scheduled for October 2008. At a September 2008 appearance, defendant stated that he desired to retain counsel but was having difficulty doing so. The court directed him to return in several days to discuss the possibility of representation by the Public Defender. At the appearance a few days later, defendant was represented by the Public Defender. At the Public Defender's request, the October trial date was adjourned to November 2008 to provide additional time to prepare.

At an appearance four days prior to the scheduled trial date, defendant expressed his displeasure with his representation and stated his desire to retain private counsel. County Court determined that no conflict warranted disqualification of the Public Defender and felt that defendant's request for new counsel was an attempt to delay the trial. Defendant countered that his financial situation prevented him from retaining counsel, but noted his attempts to hire several attorneys and that he could hire counsel within a week. Noting that defendant

could have retained counsel within the prior five months, the court refused to grant another adjournment. Defendant then sent the court two letters requesting an adjournment based on the Public Defender's failure to sufficiently prepare for trial. At jury selection, defendant informed the court that private counsel was ready to be retained, but would not accept a retainer unless an adjournment was granted to allow him adequate preparation time. Finding the problem was caused by defendant's own delay, the court denied the request. After the jury was impaneled, private counsel—who still was not actually retained—faxed the court a letter seeking a mistrial and an adjournment to allow him to prepare the case and represent defendant at trial. Counsel did not appear in court. Pointing out that defendant waited from June 2008 until the eve of trial in November 2008 to get even a conditional commitment from retained counsel, the court denied the request. Throughout the trial, defendant continued to object to what he perceived as the Public Defender's inadequate preparation. The Public Defender noted the difficulty in preparing for trial when defendant would not cooperate and refused to heed counsel's advice.

County Court granted defendant repeated adjournments to allow him to retain counsel. The court admonished defendant at each step that counsel would be extremely helpful and should be retained at the earliest possible time. Defendant claimed that his inability to hire counsel was due to his financial situation and thereby beyond his control but the court disagreed, noting that defendant was not incarcerated and had not demonstrated that he lacked the ability to earn money to pay an attorney. The court properly exercised its discretion in denying defendant's request for an adjournment to retain new counsel on the eve of trial considering that defendant had been granted several adjournments for that purpose over the prior five months and did not establish a compelling reason for failing to hire counsel in that time period (*see People v Nelson*, 1 AD3d 796, 797-798 [2003], *lv denied* 1 NY3d 631 [2004]; *People v Williams*, 167 AD2d 491, 492 [1990], *lv denied* 77 NY2d 845 [1991]; *People v Teen*, 165 AD2d 931 [1990]).

Defendant received the effective assistance of counsel. Part of his argument concerning the Public Defender's failure to adequately prepare for trial is based on defendant's self-serving statements or information outside the record, which we cannot rely upon. The Public Defender and two assistants performed work on defendant's case. Counsel filed a comprehensive omnibus motion that resulted in the severance of one count of the indictment and a hearing regarding possible dismissal on

speedy trial grounds. Although defendant complains that counsel only talked to him for a total of two hours prior to trial, he admitted that he badgered counsel, taped phone conversations to use against them and demanded that they sign his proposed witness list containing rules about when counsel would contact those individuals. Counsel stated during trial that he was unsure who the defense would be calling as witnesses because defendant would not cooperate with them. Some of defendant's complaints of lack of preparation were based on unreasonable expectations, such as his anger that counsel had not unearthed defendant's sister's criminal conviction of which defendant himself was unaware. Defendant complained that counsel did not prepare the defense witnesses, but at least one witness acknowledged that counsel provided her with a list of questions to review prior to trial. Defendant insisted that counsel call certain witnesses, including himself, who were harmful to his case, then complained about the testimony that was educed.

While defendant contends that counsel erred in failing to introduce medical evidence of defendant's impotence, counsel talked to defendant's physician and determined that he had not treated defendant for impotency.* Although defendant had complained of impotency to his physician, counsel could have reasonably determined that introducing medical records would be unhelpful because they showed that defendant made this complaint after he had been indicted. Testimony concerning defendant's impotence was elicited from defendant's girlfriend, tending to show that the victims were untruthful and defendant could not have engaged in some of the alleged acts. Counsel vigorously cross-examined the victims, zealously argued to introduce additional evidence, and called fact and character witnesses to testify. Considering the entirety of the record, and despite defendant's complaints to the contrary, the Public Defender provided defendant with meaningful representation (see *People v Towndrow*, 62 AD3d 1028, 1032 [2009], *lv denied* 13 NY3d 750 [2009]).

County Court erred in imposing illegal sentences on certain counts. For the counts concerning the first victim, the court imposed sentences—concurrent to each other but consecutive to the sentences for the counts pertaining to the second victim—of one year for endangering the welfare of a child, one year for unlawfully dealing with a child in the first degree, seven years

---

* We recognize that the trial was underway before counsel talked to defendant's physician, but the timing of that conversation does not affect its substance.

in prison with 10 years of postrelease supervision for each of three counts of rape in the second degree, seven years in prison with 10 years of postrelease supervision for each of three counts of criminal sexual act in the second degree, and 15 years in prison with 20 years of postrelease supervision for criminal sexual act in the first degree. When these crimes were committed in 2005, however, rape in the second degree and criminal sexual act in the second degree were not categorized as violent felony offenses and the felony sex offender statute was not yet enacted (*see* L 2007, ch 7, §§ 30, 32, 52). The sentences imposed on those counts are therefore illegal. While the term of imprisonment imposed for criminal sexual act in the first degree was authorized (*see* Penal Law § 70.02 [3] [a]), the period of postrelease supervision was based on a subdivision of the statute not yet in effect at the time the crime was committed (*see* L 2007, ch 7, §§ 33, 52). Accordingly, we remit for County Court to resentence defendant on the counts of rape in the second degree, criminal sexual act in the second degree and criminal sexual act in the first degree.

For the counts concerning the second victim, County Court imposed consecutive sentences of one year for endangering the welfare of a child, one year for unlawfully dealing with a child in the first degree, three months for sexual abuse in the third degree, and $1^{1}/_{3}$ to 4 years for each of five counts of criminal sexual act in the third degree. For each count of criminal sexual act in the third degree, the court was required to impose a determinate sentence and include a period of postrelease supervision (*see* Penal Law § 70.80 [1], [3]). We remit for the court to impose a proper sentence on those counts. Because defendant's sexual contact with the victim and providing her with alcohol constituted elements of endangering the welfare of a child, the court should have imposed the sentence for endangering the welfare of a child to run concurrently with the other counts (*see* Penal Law § 70.25 [2]; *People v Black*, 65 AD3d 811, 816 [2009], *lv denied* 13 NY3d 905 [2009]).

Peters, J.P., Rose and Egan Jr., JJ., concur; Lahtinen, J., not taking part.

Ordered that the judgment is modified, on the law, by directing that the sentence on count one of the indictment shall run concurrently with the sentences on counts two through eight and by vacating the sentences imposed on counts 3, 4, 5, 6, 7, 10, 11, 12, 13, 15, 16, 17; matter remitted to the County Court of Warren County for resentencing on those 12 counts; and, as so modified, affirmed.