■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ORMINSKI, Appellant. [968 NYS2d 266]—

McCarthy, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered December 22, 2010, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

In satisfaction of a multicount indictment against defendant and his wife, defendant entered an *Alford* plea to one count of grand larceny in the third degree, waived his right to appeal and was placed on interim probation. According to the plea agreement, if he was successful on interim probation and made the required restitution payments, County Court would sentence him to no more than six months in jail and five years of probation. If he failed to make the required payments or violated other conditions of probation, the court could sentence defendant up to the maximum of $2^{1}/_{3}$ to 7 years in prison. Defendant agreed to the conditions of interim probation, including paying $207,000 in restitution jointly and severally with his wife, half by a certain date and the remainder approximately one year after the commencement of interim probation. After defendant failed to make the payment of half the restitution by the required date and violated other conditions of probation, the court found that defendant violated his interim probation and sentenced him to 2 to 6 years in prison, plus imposed $207,000 in restitution jointly and severally with his wife. Defendant appeals.

County Court did not err in denying defendant's request to adjourn sentencing. Although courts, to protect the constitutional rights of defendants regarding representation, must provide a reasonable opportunity for defendants to select and retain counsel of their own choosing (*see People v Arroyave*, 49 NY2d 264, 270 [1980]; *People v Sapienza*, 75 AD3d 768, 770 [2010]), "a request to change counsel previously retained or assigned must be addressed to the [trial court's] discretion to insure that the defendant's purported exercise of the right does not serve to delay or obstruct the criminal proceedings" (*People v Tineo*, 64 NY2d 531, 536 [1985]; *see People v Eberhart*, 48 AD3d 898, 900 [2008], *lv denied* 10 NY3d 958 [2008]). Here, the court had previously granted defendant adjournments to retain new counsel and, when granting the last adjournment of three weeks, advised defendant that sentencing would take place on a certain date regardless of whether defendant was successful in retaining new counsel; the court advised defendant that he could represent himself or that assigned counsel—whose office was still counsel of record—could represent defendant, but sentenc-

ing would proceed. On the appointed sentencing date, defendant sought a further adjournment and stated that his family had contacted several attorneys. The court noted that no attorney had filed a substitution of counsel or informed the court that he or she had been retained to represent defendant. Accordingly, County Court did not abuse its discretion in denying defendant's request for a further adjournment (*see People v Sapienza*, 75 AD3d at 770-771; *compare People v Bullock*, 75 AD3d 1148, 1151 [2010]).

When setting the amount of restitution, County Court was not required to consider defendant's ability to pay, as his sentence included a period of incarceration and the restitution was not then being imposed as a condition of probation (*see People v Henry*, 64 AD3d 804, 807 [2009], *lv denied* 13 NY3d 860 [2009]; *see also People v Boone*, 101 AD3d 1358, 1358-1359 [2012], *lv denied* 20 NY3d 1096 [2013]; *compare* Penal Law § 60.27 *with* Penal Law § 65.10 [2] [g]). Defendant is precluded from arguing that his sentence is harsh and excessive, given his valid waiver of appeal (*see People v Thomas*, 71 AD3d 1231, 1233 [2010], *lv denied* 14 NY3d 893 [2010]).

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.