# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1367

KA 12-01922

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                    MEMORANDUM AND ORDER

COREY ROHADFOX, DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), dated August 27, 2012. The order granted the motion of defendant to set aside the verdict and ordered a new trial.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: The People appeal from an order in which Supreme Court sua sponte converted defendant's postverdict pro se "motion for dismissal" to a CPL 330.30 (1) motion to set aside the verdict and granted that motion. Following a jury trial during which defendant represented himself, the jury found defendant guilty of one count of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), but not guilty of two other counts of the same crime (§ 220.16 [1], [12]). In granting defendant's motion, the court determined that it had deprived defendant of his right to retained counsel of his choice by denying his request for an adjournment to obtain new retained counsel.

"Pursuant to CPL 330.30 (1), following the issuance of a verdict and before sentencing a court may set aside a verdict on '[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would *require* a reversal or modification of the judgment *as a matter of law* by an appellate court' " (*People v Benton*, 78 AD3d 1545, 1546, *lv denied* 16 NY3d 828). "The power granted a Trial Judge is, thus, far more limited than that of an intermediate appellate court, which is authorized to determine not only questions of law but issues of fact . . . , to reverse or modify a judgment when the verdict is against the weight of the evidence . . . , and to reverse '[a]s a matter of discretion in the interest of justice' " (*People v Carter*, 63 NY2d 530, 536).

The issue before us on this appeal therefore is whether a court's alleged abuse of discretion in denying an adjournment would *require* reversal of the judgment of conviction as a *matter of law* upon an appeal therefrom (*see generally People v Spears*, 64 NY2d 698, 699-700).  Under the unique circumstances of this case, we conclude that it would.

"It is certainly well established that the right to counsel, guaranteed by both the Federal and State Constitutions . . . , embraces the right of a criminal defendant to be represented by counsel of his own choosing . . . As a necessary corollary to this right, a defendant must be accorded a reasonable opportunity to select and retain his counsel" (*People v Arroyave*, 49 NY2d 264, 270).  In other words, the fundamental right to be represented by counsel of one's own choosing "is denied to a defendant unless he [or she] gets reasonable time and a fair opportunity to secure counsel of his [or her] own choice" (*People v McLaughlin*, 291 NY 480, 483; *see generally Arroyave*, 49 NY2d at 273).

In our view, the court's refusal to grant defendant's request for an adjournment was "an abuse of discretion as a matter of law" and effectively denied defendant the fundamental right to be represented by counsel of his own choosing (*Spears*, 64 NY2d at 700; *see People v Walker*, 29 AD2d 973, 973-974; *see generally Arroyave*, 49 NY2d at 273; *McLaughlin*, 291 NY at 482-483).  On the date scheduled for suppression hearings, defense counsel, who had been retained by defendant's family while defendant was incarcerated, withdrew defendant's requests for suppression and sought an expedited trial without defendant's knowledge or consent.  At the next court appearance, defendant requested an adjournment of the expedited trial to afford him time in which to retain another attorney.  The court, in denying that request, did not afford defendant "[a] reasonable time and a fair opportunity to secure counsel of his own choice" (*McLaughlin*, 291 NY at 483; *cf. People v Sapienza*, 75 AD3d 768, 771; *People v Mao-Sheng Lin*, 50 AD3d 1251, 1253, *lv denied* 10 NY3d 961), particularly in view of the fact that the trial was expedited without defendant's knowledge or consent (*see People v Hartman*, 64 AD3d 1002, 1005, *lv denied* 13 NY3d 860; *cf. People v O'Kane*, 55 AD3d 315, 316, *lv denied* 11 NY3d 928; *People v Campbell*, 54 AD3d 959, 960, *lv denied* 12 NY3d 756).  Inasmuch as we conclude that defendant was denied the fundamental right to be represented by counsel of his own choosing, reversal of the judgment of conviction on that ground would be required as a matter of law upon an appeal therefrom (*see* CPL 330.30 [1]), and the court therefore properly set aside the verdict.

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court