Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered October 13, 2010, convicting him of grand larceny in the second degree, forgery in the second degree, and criminally negligent homicide (three counts), upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
“[T]he right to counsel, guaranteed by both the Federal and State Constitutions (US Const, 6th Arndt; CLS NY Const, art I, § 6), embraces the right of a criminal defendant to be represented by counsel of his [or her] own choosing” (People v Arroyave, 49 NY2d 264, 270 [1980]). A “necessary corollary” to that right is that a defendant must be accorded a reasonable opportunity to select and retain his or her counsel (id. at 270, citing Chandler v Fretag, 348 US 3, 9-10 [1954]). The right to be represented by counsel of the defendant’s own choosing is, however, not unlimited; it “is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings” (People v Arroyave, 49 NY2d at 271; see People v Griffin, 92 AD3d 1, 5 [2011], affd 20 NY3d 626 [2013]). It “does not bestow upon a criminal defendant the absolute right to demand that his [or her] trial be delayed while he [or she] selects another attorney to represent him [or her] at trial” (People v Arroyave, 49 NY2d at 271). On the eve of, or during, trial, “public policy considerations against delay become even stronger, and it is incumbent upon the defendant to demonstrate that the requested adjournment has been necessitated by forces beyond his [or her] control and is not simply a dilatory tactic” (id. at 271-272; see People v Allison, 69 AD3d 740, 741 [2010]). Further, a defendant may forfeit the right to counsel of his or her choosing by engaging in conduct with respect to counsel that is “ ‘calculated to undermine, upset or unreasonably delay the progress of the trial’ ” (People v James, 13 AD3d 649, 650 [2004], quoting People v McIntyre, 36 NY2d 10, 18 [1974]; see People v Wilkerson, 294 AD2d 298, 298-299 [2002]).
Here, after the County Court had granted the defendant numerous adjournments over a long period of time to accom *775 modate his requests to change counsel, the court providently exercised its discretion in denying further adjournments for that purpose (see People v Allison, 69 AD3d at 741; People v Gloster, 175 AD2d 258, 259-260 [1991]; People v Haqq, 164 AD2d 953, 956 [1990]; cf. People v Stevenson, 36 AD3d 634, 634-635 [2007]). When the defendant hired his third retained counsel, more than a year had passed since the commencement of the criminal proceedings, yet the County Court granted another trial adjournment of six months to afford counsel time to prepare. The court had repeatedly warned the defendant that no further trial adjournment would be granted for him to retain new counsel, and, on one adjourned date, the defendant signed an affidavit acknowledging that he understood that June 1, 2010, was a “firm trial date” that would not be changed or rescheduled “regardless of who I have retained as my trial counsel or if I will proceed with representing myself.” Despite the court’s repeated warnings, the defendant continued his dilatory conduct. Even then, the court granted further adjournments to permit the defendant to finalize arrangements with a prospective fourth retained counsel. It was only after the defendant failed to retain that attorney that the County Court denied further trial adjournments for a change of counsel.
Given the defendant’s repeated failure to make arrangements for trial counsel despite more than ample time and opportunity to do so, and the court’s repeated warnings of the consequences should he fail to do so, the County Court properly determined that the defendant had forfeited his right to counsel of his choosing by his dilatory actions (see People v Goodwine, 46 AD3d 702, 702 [2007]).
Additionally, the court did not improvidently exercise its discretion in summarily denying the defendant’s motion to withdraw his plea of guilty. The record demonstrates that the defendant’s plea was entered knowingly, voluntarily, and intelligently (see People v Haffiz, 19 NY3d 883, 884-885 [2012]; People v Johnson, 97 AD3d 695, 695 [2012]).
The defendant’s remaining contentions are without merit or need not be addressed in light of our determination.
Eng, EJ., Balkin, Sgroi and Cohen, JJ., concur.