People v Singleton (2018 NY Slip Op 05369)





People v Singleton


2018 NY Slip Op 05369


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

108141

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
WILLIE L. SINGLETON, Appellant.

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


Kevin A. Jones, Ithaca, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Jordan Yorke of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered April 27, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
In October 2014, defendant, who had been assigned an Assistant Public Defender, was arraigned on a multicount indictment. On November 24, 2014, County Court granted defense counsel's request for a two-week adjournment, but denied defendant's subsequent request that such adjournment be extended in order for him to investigate the possibility of hiring private counsel. On December 8, 2014, the court granted defendant's request for a further adjournment based upon his assertion that he was in the process of retaining counsel. Thereafter, on January 5, 2015, the court again granted defendant an additional adjournment in order to secure necessary funds for a retainer fee; however, the court informed defendant that no further adjournments for the purpose of hiring private counsel would be granted. On January 26, 2015, defendant's request for a further adjournment for that purpose was denied. Ultimately, defendant, represented by the Assistant Public Defender, pleaded guilty to criminal possession of a controlled substance in the fourth degree and was sentenced in accordance with the terms of the plea agreement. Defendant appeals.
We are unpersuaded by defendant's contention that County Court, by denying his request for an adjournment, deprived him of his constitutional right to be defended by counsel of his choosing. "It is certainly well established that the right to counsel, guaranteed by both the Federal and State Constitutions . . ., embraces the right of a criminal defendant to be represented by counsel of his own choosing[, and] a defendant must be accorded a reasonable opportunity to select and retain his counsel" (People v Arroyave, 49 NY2d 264, 270 [1980] [citations omitted]; see People v Rohadfox, 114 AD3d 1217, 1218 [2014]). "[T]his right is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" (People v Arroyave, 49 NY2d at 271; see People v Milord, 115 AD3d 774, 774 [2014], lv denied 24 NY3d [*2]963 [2014]; People v Orminski, 108 AD3d 864, 865 [2013], lv denied 22 NY3d 958 [2013]). In our view, defendant had ample opportunity to retain counsel of his choosing during the approximately two months of adjournments granted by the court. Despite defendant's purported efforts to hire private counsel, we find no abuse of discretion in the court's conclusion that further delay was unwarranted under the circumstances here (see People v Arroyave, 49 NY2d at 271; People v Orminski, 108 AD3d at 866; People v Doyle, 82 AD3d 564, 564 [2011], lv denied 17 NY3d 805 [2011]).
McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.