People v Miller (2018 NY Slip Op 08200)





People v Miller


2018 NY Slip Op 08200


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

108171

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DEMONTE N. MILLER, Appellant.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Harvey C. Silverstein, Latham, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered October 2, 2015 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.
In October 2014, defendant was indicted and charged with six counts of criminal sale of a controlled substance in the third degree and, in February 2015, a second indictment was returned charging defendant with one count of robbery in the first degree. Additional charges followed and, after defendant twice failed to appear before Supreme Court, his bail was revoked. In full satisfaction of both indictments and other pending charges, defendant thereafter agreed to plead guilty to one count of attempted robbery in the first degree with the understanding that he would be sentenced to a prison term of 14 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following a detailed plea colloquy, defendant pleaded guilty to the reduced robbery charge, and the matter was adjourned for sentencing. Defendant subsequently asked that sentencing be delayed because he wanted to hire "a brand new attorney" — citing retained counsel's alleged failure to respond to his inquiries regarding the seizure of his vehicle and the forfeiture of certain bail moneys — and informed Supreme Court that he was considering withdrawing his plea. Supreme Court denied defendant's request for an adjournment and thereafter sentenced defendant as a second felony offender to the agreed-upon term of imprisonment. This appeal ensued.
Preliminarily, we agree with defendant that his waiver of the right to appeal is invalid. Supreme Court did not explain the separate and distinct nature of the waiver, and its brief colloquy with defendant was insufficient to establish "that defendant appreciated the right that he was relinquishing and understood the consequences thereof" (People v Mallard, 163 AD3d 1350, 1351 [2018], lv denied ___ NY3d ___ [Oct. 4, 2018]; see People v Brewster, 161 AD3d 1309, 1310 [2018]; People v Thompson, 157 AD3d 1141, 1141 [2018]). Although defendant executed a written waiver in open court after conferring with counsel, Supreme Court did not ascertain whether defendant read the waiver or understood the consequences thereof (see People v [*2]McClain, 161 AD3d 1457, 1458 [2018]; People v Rock, 151 AD3d 1383, 1384 [2017], lv denied 30 NY3d 953 [2017]; People v Williams, 132 AD3d 1155, 1155 [2015], lv denied 27 NY3d 1157 [2016]). Given the invalid waiver, defendant's challenge to the severity of the agreed-upon sentence imposed is not foreclosed (see People v Callender, 164 AD3d 962, 963 [2018]). That said, given defendant's lengthy criminal history and the fact that he received a favorable plea agreement that resolved a number of pending charges, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see generally People v Suddard, 164 AD3d 950, 951 [2018]; People v Ruise, 131 AD3d 1328, 1328 [2015]).
Nor are we persuaded that Supreme Court abused its discretion in denying defendant's request for an adjournment of sentencing in order to retain substitute counsel. Although "criminal defendants have a constitutional right to be represented by counsel of their own choosing and must be accorded a reasonable opportunity to select and retain such counsel . . ., this right is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" (People v O'Daniel, 105 AD3d 1144, 1146 [2013] [internal quotation marks, brackets and citations omitted], affd 24 NY3d 134 [2014]; see People v Singleton, 163 AD3d 1272, 1273 [2018]; People v Orminski, 108 AD3d 864, 865 [2013], lv denied 22 NY3d 958 [2013]; see also People v Nelson, 1 AD3d 796, 797 [2003], lv denied 1 NY3d 631 [2004]). Accordingly, "a request to change counsel previously retained or assigned must be addressed to the trial court's discretion to insure that the defendant's purported exercise of the right does not serve to delay or obstruct" the proceedings before the court (People v Orminski, 108 AD3d at 865 [internal quotation marks, brackets and citation omitted]).
After assuring Supreme Court during the course of the plea colloquy that he was satisfied with retained counsel's services, defendant appeared at sentencing approximately six weeks later and indicated that he wished to retain a new attorney — citing counsel's failure to (1) obtain an adjournment so that defendant could get married, (2) adequately explain the effect of the advantageous plea resolution secured by counsel, which disposed of the other indictment and all remaining charges then pending against defendant, and (3) respond to defendant's inquiries regarding the seizure of his vehicle and the forfeiture of certain bail moneys. Defendant, however, did not offer a reasonable explanation for his delay in pursuing such relief, and his postplea dissatisfaction with his defense counsel — a capable, experienced trial attorney who, in our view, provided defendant with meaningful representation — did not constitute a compelling reason for seeking substitute retained counsel (see People v Nelson, 1 AD3d at 797-798). Additionally, it is worth noting that, despite having sufficient opportunity to retain new counsel prior to sentencing (see People v Singleton, 163 AD3d at 1272), defendant failed to do so (see People v Orminski, 108 AD3d at 866). Under these circumstances, we cannot say that Supreme Court abused its discretion in denying defendant's request for an adjournment or otherwise deprived him of his right to counsel of his choosing.
Finally, defendant's claim that the interplay between Penal Law §§ 70.06 and 70.70 — governing the sentencing of certain second felony offenders — deprived him of equal protection need not detain us, as the record fails to reflect that defendant provided the required notice to the Attorney General (see People v Wesley, 151 AD3d 1270, 1272 [2017]; People v Perez, 93 AD3d 1032, 1038-1039 [2012], lv denied 19 NY3d 1000 [2012]) or that he raised this argument before Supreme Court (see People v Alsaifullah, 130 AD3d 1321, 1322 [2015]; People v Evans, 27 AD3d 905, 906 [2006], lv denied 6 NY3d 847 [2006]). Accordingly, defendant's argument is unpreserved, and we decline his invitation to take corrective action in the interest of justice. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
McCarthy, J.P., Devine, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.