People v Ferry (2019 NY Slip Op 03106)





People v Ferry


2019 NY Slip Op 03106


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

109121

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DONALD FERRY, Appellant.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Craig Meyerson, Peru, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered December 21, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2015, defendant pleaded guilty to attempted sexual abuse in the first degree (two counts) and was sentenced to six months in jail, to be followed by 10 years of postrelease supervision. In 2016, a violation of probation petition was filed, alleging that defendant had violated certain conditions of his probation. Following a hearing, County Court found that defendant had violated his probation and thereafter revoked defendant's probation and resentenced him to an aggregate prison term of eight years, to be followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. "A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (People v Thomas, 163 AD3d 1293, 1294 [2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 1068 [2018]; see People v Travis, 156 AD3d 1399, 1399 [2017], lvs denied 30 NY3d 1120 [2018]). The conditions of defendant's probation included that he shall not "initiate, establish or maintain contact and/or communicate with or reside in the same residence as any person under the age of 17 years without the prior consent of the Probation Department."
At the hearing, defendant admitted to several instances where the six-year-old daughter of a friend was at defendant's house while he was present, without having obtained consent from his probation officer. Although defendant testified that there was always another adult present in the house while the child was there and that he believed that consent from his probation officer [*2]was not required under those circumstances, one probation officer testified that he informed defendant that only an adult preapproved as a safeguard by the Probation Department could supervise his contact with a child. Another probation officer testified that defendant was told he could not have any children around him without permission from the Probation Department, regardless of whether another adult was present or supervising. According deference to County Court's credibility determinations, we conclude that the People established by a preponderance of the evidence that defendant violated the terms of his probation (see People v Eggsware, 125 AD3d 1057, 1058 [2015], lv denied 25 NY3d 1162 [2015]; People v Cruz, 35 AD3d 898, 899 [2006], lv denied 8 NY3d 845 [2007]).[FN1]
Defendant argues that the People's failure to provide certain documents and a videotape at the hearing constituted Rosario violations warranting a reversal of the finding of a probation violation. Contrary to defendant's contention, Rosario violations do not constitute per se errors requiring reversal (see CPL 240.75; People v Crandall, 38 AD3d 996, 997 [2007], lv denied 9 NY3d 842 [2007]; People v Nelson, 1 AD3d 796, 797 [2003], lv denied 1 NY3d 631 [2004]), and he has not claimed, let alone demonstrated, that the alleged violations materially contributed to the finding of a probation violation (see People v Crandall, 38 AD3d at 997; People v Nelson, 1 AD3d at 797). Finally, we discern neither extraordinary circumstances nor an abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Jordan, 148 AD3d 1461, 1463 [2017]; People v Washington, 138 AD3d 1246, 1247 [2016]).
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Having determined that the People established that defendant violated a condition of his probation by a preponderance of the evidence, we do not address the finding that defendant also violated another condition of his probation (see People v Roberge, 293 AD2d 913, 914 n 2 [2002], lv denied 98 NY2d 680 [2002]).