■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS COSTELLO, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered October 21, 1988, convicting defendant, after a jury trial, of burglary in the second degree and possession of burglar's tools and sentencing him as a predicate violent felony offender to concurrent indeterminate terms of imprisonment of 4 to 8 years and one year, respectively, unanimously affirmed.

After enjoying his customary midday break by listening to his radio/cassette player at his new Washington Heights apartment, complainant, a livery cab driver, left the apartment and prepared his cab for his afternoon rounds. He picked up a fare (defendant) two blocks away from his apartment and realized that defendant had possession of his radio/cassette player which he had just left on his kitchen table. Complainant flagged down passing police patrolmen who chased the fleeing defendant and recovered a wristwatch, also identified by the driver as having been taken from his apartment. In a body search at the precinct, the police recovered one of a tandem of tools generally used for picking locks. A police lock expert testified that the companion device, which was not recovered, could have been substituted with a paper clip or bobby pin, innocuous items which could easily have been disposed of without notice.

Defendant has failed to overcome the presumption of burglary created by his recent, exclusive and unexplained possession of stolen property (People v Pittman, 125 AD2d 342, lv denied 69 NY2d 749). The facts are inconsistent with defen-

dant's suggestion that he was a mere possessor of stolen property *(People v Green,* 128 AD2d 890). In the absence of evidence that someone else may have committed the burglary, an inference of defendant's guilt was reasonably supported *(People v Slater,* 115 AD2d 672, *lv denied* 67 NY2d 657; *cf., People v Baskerville,* 60 NY2d 374). Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.