THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK SLOANE, Also Known as DEREK SLOAN, Appellant. [693 NYS2d 52] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered May

22, 1998, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested for driving a stolen vehicle at 65 miles per hour in a 25 miles-per-hour zone. His first two attorneys were relieved as counsel by the court upon their complaints that the defendant was threatening them. The defendant thereafter moved to discharge his third attorney, an experienced criminal defense lawyer appointed by the court. The court at first denied the motion, but subsequently granted it when counsel added his request to be relieved on the ground that the defendant was abusive and uncooperative. The court, which had had many conversations with the defendant and was aware of his repeated boasts that he knew more about the law than counsel did, ruled that the defendant could represent himself, with a fourth attorney standing by to provide advice upon request, because it was clear to the court that the defendant's tactics were designed to delay the orderly administration of justice.

We concur with the court's conclusion that the defendant forfeited his right to counsel by his persistent pattern of threatening, abusive, obstreperous, and uncooperative behavior with successive assigned counsel (*see, e.g., People v Gilchrist,* 239 AD2d 306; *People v McElveen,* 234 AD2d 228; *United States v McLeod,* 53 F3d 322, 325; *United States v Jennings,* 855 F Supp 1427, *affd* 61 F3d 897). In addition, we are persuaded that over the course of its numerous colloquies with the defendant regarding his right to counsel—which touched upon the defendant's education, his prior exposure to legal procedures, and his status as a persistent felony offender—the court satisfied the "searching inquiry" prerequisite to finding that the defendant had knowingly waived his right to counsel, with a full understanding of the dangers and disadvantages of proceeding *pro se (see, People v Smith,* 92 NY2d 516, 521; *cf., People v Slaughter,* 78 NY2d 485; *People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178). Finally, we note that the defendant, with the advice of his legal counselor, ultimately accepted an extremely advantageous plea bargain, which had been previously negotiated on his behalf by two of his attorneys but had been previously rejected by him. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.