■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LINEBERGER, Appellant. [725 NYS2d 308] —Judgment, Supreme Court, New York County (George Daniels, J., at hearing; Ira Beal, J., at jury trial and sentence), rendered March 19, 1998, convicting defendant of robbery in the first degree, criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life concurrent with two terms of 1 year, unanimously affirmed.

Defendant's suppression motion was properly denied. Probable cause was established by defendant's reasonable resemblance to the description provided by the pursuing police officer, given the extreme closeness of the temporal and spatial factors, defendant's frantic efforts to hail a taxi by running into the street, and the absence of anyone else at the scene meeting the description (see, People v Mojica, 267 AD2d 19, lv denied 94 NY2d 950). We find the difference between "long jean shorts" and "jeans," as contained in the pursuing and apprehending officers' clothing descriptions, to be without significance in these circumstances.

The verdict was based on legally sufficient evidence. We see no reason to disturb the jury's determinations concerning credibility and identification.

Because defendant unjustifiably refused the services of, refused to cooperate with, and engaged in abusive conduct toward his competent appointed counsel, the third one appointed by the court, and because defendant also refused to appear for sentencing, defendant forfeited his right to be represented either by himself or by counsel at sentencing (see, People v McElveen, 234 AD2d 228, 230-231, lv denied 89 NY2d 1097; United States v McLeod, 53 F3d 322, 325; Maynard v Meachum, 545 F2d 273, 278). Defendant's refusal to be produced from the court pens made it impossible, as well as pointless, for the court to make the "searching inquiry" that would normally be required before accepting a waiver of the right to counsel (see, People v Smith, 92 NY2d 516, 521), and the totality of defendant's conduct, with particular reference to his refusal to appear in court, brings this case within the realm of forfeiture rather than waiver.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Williams, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.