■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMSTRONG WILKERSON, Appellant. [742 NYS2d 537] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), entered on or about June 1, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

The court properly found that, by spitting at and threatening his last attorney, after threatening prior attorneys and having attacked one of them, all with the apparent motive of manipulating the court into providing him with yet a sixth attorney on the eve of the suppression hearing, defendant forfeited his right to counsel (*see, People v Lineberger*, 282 AD2d 369, *affd*

98 NY2d 662; *People v Gilchrist*, 239 AD2d 306, *lv denied* 91 NY2d 834, *denial of habeas corpus affd sub nom. Gilchrist v O'Keefe*, 260 F3d 87; *People v McElveen*, 234 AD2d 228, *lv denied* 89 NY2d 1097; *see also, People v Gloster,* 175 AD2d 258, *lv denied* 78 NY2d 1011).

The court properly declined to order a CPL article 730 examination before defendant proceeded pro se. Such an examination had already been held, and once defendant had been found fit to proceed to trial, there was no requirement of a further examination to determine whether he was fit to represent himself (*People v Reason*, 37 NY2d 351).

While a court should not prospectively exclude the testimony of a defense witness unless the offer of proof is in palpably bad faith (*People v Gilliam*, 37 NY2d 722; *People v Cuevas*, 67 AD2d 219), here, the court was fully warranted in finding such bad faith, since it had been apprised of reliable information indicating that the testimony of the witness would differ drastically from the offer of proof made by defendant and was likely, in any case, to constitute perjury. Concur—Mazzarelli, J.P., Saxe, Rosenberger, Ellerin and Marlow, JJ.