■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SOLOMON, Appellant. [775 NYS2d 517]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J., at suppression hearing; Joan C. Sudolnik, J., at jury trial and sentence), rendered January 25, 2002, convicting defendant of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. An officer observed defendant casing vehicles and followed him for several blocks while he continued his casing behavior, whereupon defendant disappeared from the officer's view momentarily. When he reappeared he was towing an apparently new machine not previously in his possession, and abruptly changed the direction in which he was headed. These circumstances gave the officer at least an objective reason to suspect criminal behavior, and to conduct a common-law inquiry. When defendant gave an explanation for his possession of the machine that the officer had reason to believe was false, the totality of circumstances created reasonable suspicion that defendant stole the machine, and justified his brief detention for further inquiry (see e.g. People v Sims, 127 AD2d 712 [1987]). In view of defendant's violent response to the officer's attempt to investigate the matter, the officer was also justified in handcuffing defendant (see People v Foster, 85 NY2d 1012 [1995]; People v Allen, 73 NY2d 378 [1989]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. In addition to drawing proper inferences from defendant's recent, exclusive and unexplained possession of the stolen power washer (see People v Galbo, 218 NY 283, 290 [1916]; People v Costello, 162 AD2d 276 [1990], lv denied 76 NY2d 854 [1990]), the jury was able to compare defendant's appearance with that of the person depicted in a surveillance videotape of the crime.

The court's Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Walker, 83 NY2d 455, 458-459 [1994]). Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.