THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SERRANO, Appellant. [865 NYS2d 598]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, J.), rendered February 22, 2007, convicting defendant, after a nonjury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously reversed, on the law, and the indictment dismissed.

The verdict was based on legally insufficient evidence. The victim's apartment was burglarized at some time between noon and 5:00 P.M. At about 1:30 P.M. that same day, but before the burglary was reported, defendant, a homeless man, was observed by a police officer about a block away from the burglary, standing near a dumpster. The officer observed a collection of small items on defendant's person, in a bag he was holding, and on top of the dumpster. Since the officer did not yet know about the burglary and had no reason to detain defendant, the officer permitted him to leave, and did not recover any of the items. However, when the victim reported the burglary

the following day and described the items stolen, the officer remembered having seen defendant in possession of the same group of items. There was also evidence that defendant was known to have occasionally received food in the basement of the church-owned building where the burglary occurred.

The crime of burglary may be established by way of the presumption of guilt that flows from recent, exclusive, and unexplained or falsely explained possession of the fruits of a crime (*see People v Galbo*, 218 NY 283, 290 [1916]; *People v Costello*, 162 AD2d 276 [1990], *lv denied* 76 NY2d 854 [1990]). Even assuming that a trier of fact could reasonably conclude that the items the officer saw in defendant's possession and proximity constituted the same group of items stolen from the victim, the difficulty here is that defendant's possession has a reasonable innocent explanation. These objects were of very little value, and some of them were on the dumpster. Thus, the evidence supports a reasonable inference that defendant rummaged in the dumpster and found items that the actual burglar discarded after realizing they were unmarketable. Given this inference, the trier of fact lacked any basis for concluding, beyond a reasonable doubt, that defendant stole the property as opposed to finding property stolen by someone else (*compare People v Moore*, 291 AD2d 336 [2002], *with People v Scurlock*, 33 AD3d 366 [2006], *lv denied* 7 NY3d 928 [2006]). Defendant's connection with the building where the burglary occurred is too equivocal to warrant a different conclusion.

Were we not reversing on the law, we would find that the verdict was against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ.