■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS GRADY, Appellant. [891 NYS2d 15]—

Judgment, Supreme Court, New York County (Micki Scherer, J., at severance motion; William A. Wetzel, J., at jury trial and

sentence), rendered April 24, 2007, as amended May 29, 2007, convicting defendant of attempted murder in the second degree (two counts), assault in the first and second degrees, robbery in the first degree (two counts), attempted robbery in the first degree (two counts) and robbery in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 45 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's severance motion. In the first place, the court correctly determined that the motion was untimely, and we reject defendant's arguments to the contrary. The court also correctly determined that defendant did not establish good cause for a severance under CPL 200.20 (3). Defendant was charged in a single indictment with crimes arising out of robberies of a laundromat and a garage, each involving an attempt to kill a victim. As in *People v Ford* (11 NY3d 875, 879 [2008]), "there was no material variance in the quantity of proof for the separate incidents. Moreover, the evidence as to the two crimes was presented separately and was readily capable of being segregated in the minds of the jury." Although defendant argues that the proof of his identity as to the garage robbery was much weaker than as to the laundromat robbery, we find that the proof was very strong in both cases. In particular, there was ample evidence connecting defendant to a car stolen in the garage robbery, and the circumstances warranted the conclusion that he stole the car rather than merely possessed it. Furthermore, defendant did not substantiate his assertion that he had important testimony to give concerning the garage robbery and a strong need to refrain from testifying as to the laundromat robbery (*see People v Lane*, 56 NY2d 1, 8-9 [1982]).

Likewise, we reject defendant's argument that the verdict convicting him of the crimes involved in the garage robbery was against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Although the victims were unable to identify defendant, and had identified another man in a lineup, there was a surveillance tape of the crime, and the jury was able to compare defendant's appearance with that of the person depicted on the tape. This evidence, taken together with the evidence discussed above relating to the stolen car, clearly established defendant's guilt (*see People v Solomon*, 6 AD3d 335 [2004], *lv denied* 3 NY3d 648 [2004]).

The court properly exercised its discretion in denying defendant's mistrial motion, made in connection with the court's suppression of evidence that had already been placed before the jury. After a detective testified that the registration

for the car taken in the garage robbery was in defendant's wallet, and the wallet was received in evidence, defendant raised a Fourth Amendment issue, asserting that it was based on information not available to him prior to trial. After ruling that defendant was entitled to suppression, the court properly rejected the drastic remedy of a mistrial (*see People v Santiago*, 52 NY2d 865 [1981]), and instead struck the evidence, with a thorough curative instruction that was satisfactory to defendant and which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]). In any event, any error was harmless because the stricken evidence was duplicative of other evidence. The police found the car's insurance and leasing documents under a chair cushion in defendant's apartment, and defendant's argument that this evidence was significantly less probative than the stricken evidence is without merit.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence.

Motion seeking to strike portions of defendant's brief and reply brief granted. Concur—Andrias, J.P., Sweeny, Nardelli, Catterson and DeGrasse, JJ.