THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN L. BULLOCK, Appellant. [904 NYS2d 629]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered February 23, 2009. The judgment convicted defendant, upon his plea of guilty, of aggravated assault upon a police officer or a peace officer.

It is hereby ordered that the judgment so appealed from is modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Chautauqua County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of aggravated assault upon a police officer or a peace officer (Penal Law § 120.11). We agree with defendant that County Court erred in sentencing him in the absence of counsel and thus that vacatur of the sentence is required. The record establishes that defendant was initially assigned counsel, but then retained counsel to represent him. At the time of the plea proceeding, the court indicated that it would sentence defendant to a 15-year determinate term of incarceration but would consider a lesser sentence if defense counsel provided the court with "compelling reasons" to do so. Prior to sentencing, the court granted the motion of defense counsel to be relieved as counsel for defendant, after defendant indicated that he no longer wanted that attorney to represent him. Defendant informed the court that he intended to retain new counsel, whereupon the court granted his request for a 90-day adjournment of sentencing to enable him to do so. On the adjourned date of the sentencing, however, defendant appeared pro se and explained that his family had the money to retain counsel but that the attorney he was attempting to retain could not meet with him for another month or so. The court denied defendant's request for a second adjournment. When the court asked defendant at sentencing whether he wished to speak on his own behalf, defendant informed the court that he was having difficulty in obtaining documents that would establish that there were mitigating factors entitling him to a lesser sentence. The court determined that defendant waived his right to counsel and proceeded to sentence defendant. The court then provided defendant with a copy of the presentence report, which defendant indicated that he had never received.

The People agree with defendant that the court erred in concluding that defendant waived his right to counsel, but they instead contend that he forfeited his right to counsel. We reject that contention. "While egregious conduct by defendants can lead to a deemed forfeiture of the fundamental right to counsel" (*People v Smith*, 92 NY2d 516, 521 [1998]), there was no such

conduct by defendant here to warrant "an extreme, last-resort forfeiture analysis" (*id.*; *cf. People v Wilkerson*, 294 AD2d 298 [2002], *lv denied* 98 NY2d 772 [2002]; *People v Sloane*, 262 AD2d 431 [1999], *lv denied* 93 NY2d 1027 [1999]; *People v Gilchrist*, 239 AD2d 306 [1997], *lv denied* 91 NY2d 834 [1997]). In addition, the court never warned defendant that sentencing would proceed if he did not have new retained counsel by that time, nor did the court offer to assign new counsel to defendant if he could not afford to retain counsel (*cf. People v Taylor*, 164 AD2d 953, 954-956 [1990], *lv denied* 76 NY2d 991 [1990]). It thus cannot be said that defendant's conduct in requesting the second sentencing adjournment was "calculated to undermine, upset or unreasonably delay" sentencing (*People v McIntyre*, 36 NY2d 10, 18 [1974]; *see People v James*, 13 AD3d 649, 650 [2004], *lv denied* 5 NY3d 764 [2005]). The absence of counsel to assist defendant at sentencing was particularly troublesome in this case, inasmuch as defendant informed the court that he was unable to present any mitigating circumstances for the court to consider when sentencing him and, indeed, defendant indicated that he had not previously received a copy of the presentence report.

Although we recognize that a court has the discretion to determine whether to grant an adjournment, the complicating factor here was that the court granted the motion of defendant's retained counsel for permission to withdraw, which left defendant without counsel at sentencing (*cf. People v Loewke*, 15 AD3d 859 [2005], *lv denied* 4 NY3d 888 [2005]; *People v Merejildo*, 308 AD2d 378 [2003], *lv denied* 1 NY3d 540 [2003]). Nevertheless, that complicating factor is not pivotal inasmuch as the issue on appeal is not whether the court abused its discretion in denying the request for an additional adjournment. Rather, the issue is whether the court erred in sentencing defendant without counsel, and thus there is no need to analyze what the dissent characterizes as the "important issue" of whether an adjournment should have been granted.

The dissent has not identified any egregious conduct by defendant to warrant the conclusion that he forfeited his right to counsel. The fact that defendant appeared without counsel on the adjourned sentencing date was not egregious under the circumstances of this case, in which defendant had not made multiple requests for an adjournment of sentencing but, instead, had made only one previous request. We disagree with the dissent's statement that we have "fail[ed] to recognize the fundamental distinction between the waiver of a right and the forfeiture of a right." The cases cited herein, including *Wilker-*

*son*, *Sloane*, and *Gilchrist*, each involve egregious conduct, e.g., abusive and threatening acts by the defendants toward their attorneys, and thus those cases warrant the conclusion that the defendants therein forfeited their right to counsel. The fact that the court here never warned defendant that sentencing would proceed in the absence of counsel supports our conclusion that defendant did not engage in egregious conduct when he appeared pro se on the adjourned date of sentencing.

We further conclude that the dissent mischaracterizes our holding by stating that we have "de facto conclud[ed] that dilatory conduct [by a defendant] may not result in the forfeiture of the right to counsel at sentencing." Indeed, if the court had simply warned defendant when it granted his initial request for an adjournment that sentencing would proceed on the adjourned date even if he did not have new retained counsel by then, or if the court had granted an additional two-week adjournment with a similar warning, we may well have concluded that defendant forfeited his right to counsel. The court issued no such warnings in this case, however, and in the absence of any egregious conduct by defendant we cannot conclude that defendant forfeited his right to counsel. We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing, at which time, if defendant seeks to retain counsel, he must be afforded the opportunity to do so and shall be advised that sentencing shall proceed on the scheduled date if he appears without counsel or, if defendant is unable to afford to retain counsel, counsel shall be assigned.

All concur except Carni, J., who dissents in part and votes to affirm in the following memorandum.

Carni, J. (dissenting in part). I respectfully disagree with the conclusion of my colleagues that defendant did not forfeit his right to counsel at sentencing. I therefore dissent in part and would affirm the judgment.

On October 9, 2007, while incarcerated in the Chautauqua County Jail, defendant and other inmates concocted an escape plan that included the use of a ceramic tile or brick as a weapon to subdue a correction officer. Defendant and other inmates summoned a correction officer to their cell under the pretense that their toilet was clogged, and therefore they needed to use a bathroom outside of their cell. Defendant had placed the ceramic tile or brick inside a sock in order to facilitate its use as a weapon. While being escorted to a bathroom, defendant used the homemade weapon to strike the correction officer repeatedly on the head, causing serious injuries.

On the morning scheduled for trial, while represented by his

retained counsel, defendant pleaded guilty to one count of aggravated assault on a police officer or peace officer (Penal Law § 120.11), and County Court made a sentencing commitment of a 15-year determinate term of incarceration. In the absence of the plea agreement, upon conviction defendant faced a maximum term of 25 years of incarceration. Sentencing was scheduled for October 14, 2008. By letter dated October 7, 2008, defendant discharged his retained counsel. By notice of motion dated November 10, 2008, defendant's retained counsel moved for an order permitting him to withdraw as attorney of record. By letter dated November 12, 2008, defendant advised the court that he had "dismissed" his retained counsel. Defendant requested that the court grant him "an adjournment to allow [him] ample time[ ] to retain new private counsel." On November 17, 2008, the court granted the motion of defendant's retained counsel for permission to withdraw and adjourned the sentencing until a later date to be determined by the court.

On November 24, 2008, defendant appeared in court without counsel. In light of the circumstances, the court specifically asked defendant whether he was "planning on hiring counsel or whether [he could] afford to hire counsel." Defendant replied, "I have every intention of retaining new counsel. I am asking for an adjournment to do so." The court inquired as to how much time defendant needed and granted defendant's request for an adjournment of 90 days.

On February 23, 2009, defendant appeared for sentencing and was again not represented by counsel. Defendant represented to the court that he had sufficient funds to retain counsel but that his attorney of choice could not meet with him until "April 3rd." Defendant did not identify the attorney to whom he was referring, and the record does not contain any prior communication to the court from defendant, or from any attorney on defendant's behalf, to that effect. The court determined that it would proceed with sentencing and stated, "I have given you ample time to retain counsel for the purpose of sentencing, Mr. Bullock. I believe that you're just stretching this thing out unnecessarily. I'm prepared to proceed to sentence today." The court concluded that defendant had "waived" his right to counsel and sentenced defendant to the agreed-upon 15-year determinate term of incarceration. As the majority correctly points out, however, the court erred in characterizing defendant's conduct as resulting in a "waiver" of the right to counsel instead of applying the appropriate characterization as one of forfeiture.

Initially, I disagree with the majority's conclusion that the

court erred because it did not "offer to assign new counsel to defendant if he could not afford to retain counsel." On November 24, 2008, the court specifically asked defendant whether he could afford to retain counsel, and defendant represented that he was capable of retaining counsel. On February 23, 2009, defendant specifically advised the court that he had marshaled the funds necessary to retain counsel and had every intention of doing so.

Under these circumstances, I cannot agree with the majority that the court failed to ascertain defendant's need for assigned counsel. The majority's determination essentially imposes the burden of offering assigned counsel to a defendant who, in response to the court's inquiry whether defendant can "afford to hire counsel," has represented in court that he or she has the financial means and intention of retaining counsel. *People v Taylor* (164 AD2d 953 [1990], *lv denied* 76 NY2d 991 [1990]), the only authority cited by the majority for that proposition, does not compel the additional offer of assigned counsel required by the majority. Rather, *Taylor* involves a unique factual situation where the refusal of assigned counsel by the defendants was part of a calculated strategy with their retained attorneys to create reversible error or a mistrial. Indeed, the Second Department in *Taylor* held that defendants forfeited their right to counsel by failing to "discharge their retained counsel and hire new counsel or accept appointed counsel" (*id.* at 956). Here, defendant also failed to hire new counsel and refused the court's offer to appoint counsel. Thus, in my view, *Taylor* does not support the majority's conclusion that defendant did not forfeit his right to counsel.

However, in concluding that defendant did not forfeit his right to counsel, the majority states that "the court never warned defendant that sentencing would proceed if he did not have new retained counsel by that time . . . ." In my view, that analysis fails to recognize the fundamental distinction between the waiver of a right and the forfeiture of a right. Forfeiture is often confused with the closely related—but distinct—concept of waiver (*see e.g. United States v Mitchell*, 777 F2d 248, 258 [1985], *cert denied* 476 US 1184 [1986] [concluding that the defendants "waive(d)" the right to counsel while resting the decision on the notion of forfeiture]), and the majority has done so in this case. "[T]he forfeiture of a right may occur even though a defendant never made an informed, deliberate decision to relinquish that right. While waiver requires a knowing, voluntary and intelligent decision, which may be either express or implied, forfeiture occurs by operation of law without regard to

defendant's state of mind" (*People v Parker*, 57 NY2d 136, 140 [1982]). Thus, in determining whether a defendant has forfeited his or her right to counsel, a determination whether the defendant has been warned of the consequences of his or her conduct is irrelevant to the analysis (*see People v Sanchez*, 65 NY2d 436, 443-444 [1985]; *Gilchrist v O'Keefe*, 260 F3d 87, 95 [2001], *cert denied* 535 US 1064 [2002] [no warning need precede the deprivation of a Sixth Amendment right upon a forfeiture]). In *Sanchez*, the Court of Appeals determined that a defendant forfeits the right to be present during trial by deliberately leaving the courtroom after trial has begun "regardless of whether [the defendant] knows that the trial will continue in his [or her] absence" (*id.* at 443-444). Thus, in my view, the majority incorrectly relies upon the absence of a "warning" in a case in which the People correctly concede that the appropriate analysis is one of forfeiture.

Although not addressed by the majority, it is also important to recognize that the " 'forfeiture of counsel at sentencing does not deal as serious a blow to a defendant as would the forfeiture of counsel at the trial itself' " (*Gilchrist*, 260 F3d at 99, quoting *United States v Leggett*, 162 F3d 237, 251 n 4 [1998], *cert denied* 528 US 868 [1999]).

While the majority also concludes that defendant's conduct was not so "egregious" as to warrant a forfeiture of the right to counsel, it also ignores one of the critical public policy reasons giving rise to the forfeiture doctrine, to wit, that "[t]he right to assistance of counsel, cherished and fundamental though it be, may not be put to service as a means of delaying or trifling with the court" (*United States v Fowler*, 605 F2d 181, 183 [1979], *reh denied* 608 F2d 1373 [1979]; *see also Sanchez*, 65 NY2d at 443). "As has been stated, '[t]he right to counsel does not include the right to delay' " (*People v Arroyave*, 49 NY2d 264, 273 [1980], quoting *People v Reynolds*, 39 AD2d 812, 813 [1972]).

Here, as previously noted, defendant discharged his retained counsel by letter dated October 7, 2008. The sentencing scheduled for October 14, 2008 was therefore adjourned. Although more than six weeks transpired from his discharge of retained counsel, defendant appeared on November 24, 2008 without retained counsel. Defendant requested, and was granted, a further 90-day additional adjournment of sentencing. On February 23, 2009, 18 weeks after defendant's discharge of retained counsel, defendant again appeared without retained counsel and offered only a nebulous and unsubstantiated claim that an unidentified attorney could not appear on his behalf for another five or six weeks. "At this point, public policy consider-

ations against delay become even stronger, and it is incumbent upon the defendant to demonstrate that the requested adjournment has been necessitated by forces beyond his [or her] control and is not simply a dilatory tactic" (*id.* at 271-272). Whether an adjournment should be granted lies within the discretion of the sentencing court (*see id.* at 271). The majority neither recognizes nor analyzes that important issue. In my view, the court was in the best position to evaluate the bona fides of defendant's need for an adjournment, and I see no reason to conclude that the court abused or improvidently exercised its discretion in denying defendant's request for yet another adjournment of sentencing.

Here, defendant had ample opportunity to retain counsel of his own choosing before his request for an adjournment, and he failed to "demonstrate that the requested adjournment [was] necessitated by forces beyond his control and [was] not simply a dilatory tactic" (*id.* at 272; *see also People v Allison*, 69 AD3d 740, 741 [2010]). Thus, in my view, defendant forfeited his right to counsel at sentencing by his 18-week delay in retaining counsel.

By failing to recognize the public policy issue at stake and in de facto concluding that dilatory conduct may not result in the forfeiture of the right to counsel at sentencing, the majority's determination is tantamount to transferring the control of the court's sentencing calendar to criminal defendants. Sentencing courts in this Department will now be subject to repeated unsubstantiated requests for adjournments in order to retain counsel, and the courts will be deprived of the critical discretionary authority to deny adjournment requests advanced as dilatory tactics. As a result of the majority's determination, courts will be foreclosed from proceeding to sentencing even after determining that a defendant has forfeited his right to counsel by such dilatory conduct. I cannot agree with the result reached by the majority. Present—Centra, J.P., Peradotto, Carni, Lindley and Pine, JJ.