■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL ISSAC, Appellant. [994 NYS2d 177]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered September 8, 2010, convicting him of burglary in the third degree, criminal mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.

The charges against the defendant arise from an incident that occurred on May 27, 2008, during which he was allegedly seen transporting goods from a building rooftop to the street. At trial, the People adduced evidence that the police learned that at some point between May 23, 2008, and May 27, 2008, a break-in had occurred at a warehouse adjacent to the building where the defendant had been seen on May 27, 2008. The defendant was charged with burglary in the third degree, criminal mischief in the fourth degree, and criminal trespass in the third degree with respect to the alleged unlawful entry into the warehouse and damage to the warehouse. He was also charged with criminal possession of stolen property in the fifth degree with respect to the rooftop incident. After a nonjury trial, the defendant was convicted of all of the counts, except for the trespass count, which was dismissed by the Supreme Court at trial.

The defendant's contention, raised in his pro se supplemental brief, regarding an alleged *Rosario* violation (*see People v Rosario*, 9 NY2d 286 [1961]), is without merit. There is also no merit to the defendant's contention, raised in his pro se supplemental brief, that the felony indictment was rendered defective based on the inclusion therein of the misdemeanor trespass count (*see* CPL 200.20 [1], [2] [a]). Also without merit is the defendant's contention, raised in his pro se supplemental brief, regarding the denial of his CPL 30.30 motion (*see* CPL 30.30 [4]). The remaining contentions raised in the defendant's pro se supplemental brief are also without merit.

The issue raised in the defendant's main brief regarding the post-summation colloquy between the Supreme Court and the prosecutor in this nonjury trial is not preserved for appellate

review (*see* CPL 470.05 [2]; *see also People v Caldwell*, 115 AD3d 870, 871 [2014]; *People v Wright*, 62 AD3d 916, 917 [2009]). Further, the alleged error does not constitute a "mode of proceedings" error; consequently, preservation was required (*see People v Wilson*, 243 AD2d 316 [1997]; *People v Lloyd*, 210 AD2d 163 [1994]; *People v Jennings*, 144 AD2d 696, 697 [1988]). In any event, this contention is without merit (*see* CPL 320.20 [3] [c]; *see also People v Borja*, 110 AD3d 824 [2013]; *People v Bright*, 256 AD2d 50 [1998]).

However, as the defendant correctly contends in his main brief, the People failed to adduce legally sufficient evidence of his guilt with respect to the burglary and criminal mischief counts. In particular, the People adduced no proof as to, inter alia, the time of the burglary that formed the basis of those counts. Rather, the evidence showed only that those events occurred at some point during a four-day period prior to the apprehension of the defendant. The evidence showed that the defendant was found in possession of some of the alleged proceeds of the burglary on the date of his apprehension. However, there was no other evidence connecting him to the burglary or the damage to the warehouse, and, under these circumstances, his possession of the alleged burglary proceeds was not shown to be "recent and exclusive" (*see People v Serrano*, 55 AD3d 450, 451 [2008]; *see also People v Brown*, 101 AD3d 895 [2012]; *People v Martinez*, 182 AD2d 835 [1992]). Accordingly, the defendant's convictions of burglary in the third degree and criminal mischief in the fourth degree must be vacated, and those counts of the indictment must be dismissed.

The defendant was also improperly found to have forfeited the right to counsel. Prior to the trial, the Supreme Court granted the defendant's four applications for reassignment of assigned counsel. The defendant then made a fifth application for new assigned counsel. The court ruled that he had "forfeited" his right to assigned counsel, and directed him to proceed pro se.

The record does not support a finding that the defendant forfeited the right to counsel. Where a criminal defendant moves for reassignment of counsel as a mere dilatory tactic, that application may properly be denied (*see People v Sides*, 75 NY2d 822, 824 [1990]). However, a finding of a forfeiture of the right to counsel is an "extreme, last[ ]resort" (*People v Smith*, 92 NY2d 516, 521 [1998]). Here, the record does not show that the defendant engaged in any conduct warranting a forfeiture finding. Rather, the record shows that, at most, he engaged in dilatory conduct, refused to cooperate with his attorneys and was

argumentative, and at one point "yelled" at one of his attorneys in an incident characterized by the Supreme Court as a "heated exchange." Further, it is undisputed that the defendant did not validly waive the right to counsel. Indeed, the record shows that he consistently sought the assistance of assigned counsel.

The defendant's conduct, as reflected by the record, did not support or justify the Supreme Court's ruling, which forced the defendant to proceed to trial without the benefit of counsel (*see People v Williams*, 101 AD3d 1730, 1733-1734 [2012]; *People v Bullock*, 75 AD3d 1148, 1150 [2010]; *see also People v Campbell*, 281 AD2d 488 [2001], *revd on other grounds* 97 NY2d 532 [2002]). Under these circumstances, the defendant is entitled to a new trial on the count of the indictment charging him with criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40), based on the violation of the right to counsel (*see People v Williams*, 101 AD3d at 1734; *see also People v Bullock*, 75 AD3d at 1151). However, he has already served the maximum sentence that could be imposed upon a conviction of that crime (*see* Penal Law § 70.15 [1]). Under the circumstances, we do not order a new trial, but rather, dismiss that count of the indictment (*see People v Flynn*, 79 NY2d 879 [1992]; *People v Maio Ni*, 293 AD2d 552 [2002]).

In light of our determination, we do not reach the defendant's remaining contention. Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.