Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 15, 2013. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and criminal sexual act in the third degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]), defendant contends that Supreme Court violated his right to a fair trial by advising the jury, during the court’s preliminary instructions, that defendant was in custody and unable to post bail. Defendant made no objection to the preliminary instructions and thus failed to preserve that contention for our review (see People v Cooke, 24 NY3d 1196, 1197 [2015], cert denied 577 US —, 136 S Ct 542 [2015]; see also People v Griggs, 27 NY3d 602, 606 [2016], rearg denied 28 NY3d 957 [2016]). In any event, that contention lacks merit. The court instructed the jury that it was to draw no unfavorable inferences from the fact that defendant was in custody and unable to make bail, and the jury is presumed to have followed that instruction (see People v Spears, 140 AD3d 1629, 1630 [4th Dept 2016], lv denied 28 NY3d 974 [2016]). We reject defendant’s further contention that he was prejudiced by the positioning of a Deputy Sheriff at the defense table (see People v Gamble, 18 NY3d 386, 396-397 [2012], rearg denied 19 NY3d 833 [2012]), or by the court’s identification of that Deputy Sheriff by name during its preliminary instructions.
 

 We agree with defendant that the court erred in requiring him to proceed pro se at the Huntley hearing inasmuch as defendant did not waive his right to counsel at the hearing (see generally People v Smith, 92 NY2d 516, 520 [1998]), nor did defendant’s conduct support a finding that he forfeited his right to counsel (see People v Bullock, 75 AD3d 1148, 1149-1150 [4th Dept 2010]; cf. People v Issac, 121 AD3d 816, 817-818 [2d Dept 2014], lv denied 24 NY3d 1220 [2015]). The error, however, does not warrant remittal for a new Huntley hearing. Even assuming, arguendo, that defendant would have prevailed at the hearing if he were represented by counsel, we conclude that the evidence of guilt apart from defendant’s statements is overwhelming and that the error is harmless beyond a reasonable doubt (see People v Wardlaw, 6 NY3d 556, 561 [2006]).
 

 Contrary to defendant’s contentions, we conclude that assigned counsel provided meaningful representation at trial (see generally People v Baldi, 54 NY2d 137, 147 [1981]), there was no indication of any conflict of interest, and the court properly denied defendant’s requests for substitute counsel (see People v Sapienza, 75 AD3d 768, 771 [3d Dept 2010]).
 

 We reject defendant’s contention that the court violated the requirements of CPL 310.30 and People v O’Rama (78 NY2d 270 [1991]) in connection with the jury’s request for exhibits. The jury’s request was ministerial in nature and thus the O’Rama procedure was not implicated (see People v Nealon, 26 NY3d 152, 155-156 [2015]; People v Ziegler, 78 AD3d 545, 546 [1st Dept 2010], lv denied 16 NY3d 838 [2011]).
 

 The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that defendant engaged in sexual intercourse with the victim by forcible compulsion (see People v Bones, 309 AD2d 1238, 1238 [4th Dept 2003], lv denied 1 NY3d 568 [2003]). In addition, viewing the evidence in light of the elements of the crime of rape in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Strauss, 147 AD3d 1426, 1426 [4th Dept 2017], lv denied 29 NY3d 1087 [2017], denied reconsideration 30 NY3d 953 [2017]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
 

 Defendant failed to preserve for our review his challenge to the court’s finding that he is a persistent felony offender (see People v Roberts, 121 AD3d 1530, 1532 [4th Dept 2014], lv denied 24 NY3d 1122 [2015]; see generally CPL 400.20), as well as a persistent violent felony offender (see CPL 470.05 [2]; see generally CPL 400.16). We decline to exercise our authority to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe.
 

 Present—Whalen, P.J., Smith, Lindley, NeMoyer and Curran, JJ.