People v Pressley (2019 NY Slip Op 02226)





People v Pressley


2019 NY Slip Op 02226


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND CURRAN, JJ.


330 KA 13-01173

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRELLIS L. PRESSLEY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 15, 2013. The appeal was held by this Court by order entered March 23, 2018, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (156 AD3d 1384 [4th Dept 2017], amended on rearg 159 AD3d 1619 [4th Dept 2018], lv dismissed 31 NY3d 1085 [2018]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]) and criminal sexual act in the third degree (§ 130.40 [3]). We previously held the case, reserved decision and remitted the matter to Supreme Court for new proceedings on the People's motion to compel defendant to submit to a buccal swab for DNA testing following the assignment of counsel to represent defendant thereon (People v Pressley, 159 AD3d 1619 [4th Dept 2018]. Defendant correctly concedes that there was no error in the proceedings following remittal. His remaining contentions are not properly before us because they extend beyond the scope of that remittal and either were not raised by defendant prior to remittal or were previously considered by this Court (see People v Butler, 75 AD3d 1105, 1105 [4th Dept 2010], lv denied 15 NY3d 919 [2010]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court