People v Hernandez (2021 NY Slip Op 01625)





People v Hernandez


2021 NY Slip Op 01625


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


317 KA 18-00617

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDISON N. HERNANDEZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 15, 2011. The judgment convicted defendant upon a jury verdict of robbery in the first degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]). The charges arose from defendant and an unidentified codefendant robbing a victim at gunpoint as the victim sought to purchase marihuana from defendant.
Defendant contends that Supreme Court erred in admitting in evidence certain custodial statements that he made to a police investigator on the ground that those statements were not included in the pretrial CPL 710.30 notice. That contention is not preserved for our review (see CPL 470.05 [2]; People v King, 166 AD3d 1562, 1563 [4th Dept 2018], lv denied 34 NY3d 1017 [2019]; People v Marvin, 162 AD3d 1744, 1744 [4th Dept 2018], lv denied 32 NY3d 1066 [2018]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant likewise failed to preserve for our review his contention that the court's statement to a panel of prospective jurors regarding his status in custody deprived him of a fair trial (see CPL 470.05 [2]). In any event, that contention is without merit (see People v Pressley, 156 AD3d 1384, 1384 [4th Dept 2017], amended on rearg 159 AD3d 1619 [4th Dept 2018], lv dismissed 31 NY3d 1085 [2018]; see also People v Wilkins, 175 AD3d 867, 869 [4th Dept 2019]). Contrary to defendant's related contention, defense counsel was not ineffective for failing to move for a mistrial on that meritless ground (see generally People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; People v Jenkins, 79 AD3d 1767, 1767 [4th Dept 2010], lv denied 16 NY3d 860 [2011]). We further conclude that defendant has not demonstrated the absence of strategic or other legitimate explanations for defense counsel's other alleged shortcomings (see People v Benevento, 91 NY2d 708, 712 [1998]; see also People v Baker, 14 NY3d 266, 270-271 [2010]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe, particularly given that defendant was on probation for the commission of a nearly identical crime at the time he committed the crimes herein.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court