Matter of Sa'Nai F. B. M. A. (Chaniece T.) (2024 NY Slip Op 05440)

Matter of Sa'Nai F. B. M. A. (Chaniece T.)

2024 NY Slip Op 05440

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2021-07781
 (Docket No. B-674-17)

[*1]In the Matter of Sa'Nai F. B. M. A. (Anonymous), etc. Graham Windham Services to Families and Children, respondent; Chaniece T. (Anonymous), appellant.

Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY (Audra Soloway, Jeremy Benjamin, Michael Bass, and NYU School of Law Family Defense Clinic Washington Sq. Legal Services [Christine Gottlieb], of counsel), for appellant.
The Law Offices of James Cortazzo, P.C., Mineola, NY (Dwight A. Kennedy of counsel), for respondent.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter and Teresa Grogan of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Elizabeth Barnett, J.), dated October 22, 2021. The order of fact-finding and disposition, upon a decision of the same court (Ilana Gruebel, J.) dated July 9, 2020, made after a fact-finding hearing, and upon a decision of the same court (Elizabeth Barnett, J.), dated September 16, 2021, made after a dispositional hearing, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is reversed, on the law, with costs, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.
In May 2014, the Administration for Children's Services commenced a child protective proceeding pursuant to Family Court Act article 10 (hereinafter the child protective proceeding), alleging, inter alia, that the mother had neglected the subject child. In February 2017, the Family Court entered an order of fact-finding in the child protective proceeding, determining that the mother had neglected the child.
In March 2017, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the child on the ground that she had permanently neglected the child. In April and May 2017, the Family Court granted the mother's applications to discharge two attorneys she had privately retained to represent her. In June 2017, the court assigned counsel to represent the mother. In November 2017, the court denied the assigned counsel's application to be relieved, and the assigned counsel continued to represent the mother at [*2]multiple court appearances from November 2017 through February 2019.
In April 2019, in the midst of the fact-finding hearing on the petition to terminate the mother's parental rights, the Family Court granted a second application by the mother's assigned counsel to be relieved and determined that the mother had forfeited her right to be assigned new counsel. The court's determination was based upon, among other things, "suspicions" that the mother had been "involved" in a recent security compromise of the assigned counsel's computer. The court also cited as a basis for its determination the fact that, over the course of the child protective proceeding and this proceeding, the mother had a total of three attorneys assigned to represent her or to act as her legal advisor. The record on appeal does not reflect how long the prior assigned attorneys represented the mother or why they ceased representing her.
In November 2019, the Family Court directed, over the mother's objection, that the mother was required to proceed pro se if she was unable to retain counsel. On March 4, 2020, the mother appeared pro se and was unprepared to call the remaining witnesses she intended to have testify on her behalf, and the court found the mother's direct case to be completed, over the mother's objection. In a decision dated July 9, 2020, the court determined, inter alia, that the mother had permanently neglected the child.
Upon the judge's recusal in November 2020 from further proceedings involving the mother, the dispositional phase of the proceeding was conducted before a different judge between January and July 2021. After the dispositional hearing, in an order of fact-finding and disposition dated October 22, 2021, upon a decision dated September 16, 2021, the Family Court found that the mother permanently neglected the child, terminated the mother's parental rights, and transferred custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]; Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692). A party may forfeit the fundamental right to counsel by engaging in "'egregious conduct,'" but only as a matter of "'extreme, last resort'" (People v Shanks, 37 NY3d 244, 253, quoting People v Smith, 92 NY2d 516, 521). Here, the record fails to clearly reflect that the mother engaged in the sort of egregious conduct that would justify a finding that she forfeited her right to assigned counsel (see id. at 254; People v Isaac, 121 AD3d 816, 817; cf. People v Wilkerson, 294 AD2d 298, 298).
The deprivation of the mother's right to counsel requires reversal without regard to the merits of her position (see Matter of Pugh v Pugh, 125 AD3d 663, 664). Accordingly, we reverse the order of fact-finding and disposition, and remit the matter to the Family Court, Kings County, for a determination as to whether the mother currently qualifies for assigned counsel and, thereafter, a new fact-finding hearing after the mother has been assigned counsel or permitted an opportunity to retain counsel.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court