Matter of Carilyn S. v Theresa S.

2026 NY Slip Op 02658

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Carilyn S. (Anonymous), et al., petitioners-respondents,

v

Theresa S. (Anonymous), appellant, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2023-08723, (Docket No. V-6045-22)

Mark C. Dillon, J.P.

Paul Wooten

Lourdes M. Ventura

Lisa S. Ottley, JJ.

Robin Stone Einbinder, Flushing, NY, for appellant.

Yasmin Daley Duncan, Brooklyn, NY, for petitioner-respondent Kelvin Curry.

Steven Banks, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Elizabeth I Freedman of counsel), for respondent.

Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hauskrecht of counsel), attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated May 19, 2023. The order, insofar as appealed from, after a hearing, granted the petition of the father and the maternal aunt for joint custody of the subject child.

ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.

In 2015, the Administration for Children's Services commenced a neglect proceeding against the mother of the subject child, born in 2009, alleging, inter alia, educational neglect. The child was placed with the maternal aunt. In 2022, after a trial discharge to the mother had failed, the father and the maternal aunt filed a petition for joint custody of the child. After a combined permanency and fact-finding hearing, the Family Court granted the petition. The mother appeals.

The parent of any child seeking custody or contesting the substantial infringement of his or her right to custody of such child has the right to the assistance of counsel (see Family Ct Act § 262[a][v]). A party may waive that right and proceed without counsel provided he or she makes a knowing, voluntary, and intelligent waiver of the right to counsel (see Matter of Means v Miller, 175 AD3d 498, 499-500). In order to determine whether a party has validly waived the right to counsel, a court must conduct a "searching inquiry" to ensure that the waiver has been made knowingly, voluntarily, and intelligently (People v Arroyo, 98 NY2d 101, 103 [internal quotation marks omitted]; Matter of Cecile D. [Kassia D.], 189 AD3d 1036, 1037 [internal quotation marks omitted]; Matter of Means v Miller, 175 AD3d at 500 [internal quotation marks omitted]). While there is no rigid formula to be followed in such an inquiry, and the approach is flexible, the record [*2]must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel (see Matter of McGregor v Bacchus, 54 AD3d 678, 679). "For example, the court may inquire about the litigant's age, education, occupation, previous exposure to legal procedures[,] and other relevant factors bearing on a competent, intelligent, voluntary waiver" (Matter of Abigail M.A. [James A.], 222 AD3d 973, 976 [internal quotation marks omitted]).

Here, the Family Court did not conduct a searching inquiry on May 9, 2023, when the mother's counsel's motion to be relieved as counsel was granted, and the record shows that the mother did not want to proceed pro se on May 17, 2023. Nonetheless, under the circumstances of this case, the court's error does not warrant reversal and remittal (see Matter of Moses M. [Melissa M.], 237 AD3d 825, 826). Since the testimony offered in the period in which the mother failed to appear was sufficient to establish that the mother neglected the child and that releasing the child to the custody of the maternal aunt was in the child's best interests, the court's failure to ensure that the mother validly waived her right to counsel at the combined permanency and fact-finding hearing would not have affected the ultimate outcome of the proceeding to award custody of the child to the father and the maternal aunt (see id.).

A party may forfeit the fundamental right to counsel by engaging in egregious conduct, but only as a matter of extreme, last resort (see Matter of Sa'Nai F.B.M.A. [Chaniece T.], 232 AD3d 597, 599). A party may forfeit the right to counsel by engaging in a "persistent pattern of threatening, abusive, obstreperous, and uncooperative behavior with successive assigned counsel" (People v Sloane, 262 AD2d 431, 432). "[M]ere raised voices, vociferous disagreement with an attorney over strategy, or accusations of incompetence do not rise to the level of egregious conduct constituting forfeiture of the right to counsel" (People v Shanks, 37 NY3d 244, 254).

Here, the Family Court noted that the mother failed to appear for approximately half of the scheduled court dates, i.e., 19 out of 42, in the neglect proceeding and had at least six different attorneys who represented her. In addition, the court detailed that several of the mother's previously assigned attorneys sought to be relieved. The mother's apparent inability to cooperate with counsel and her conduct during the course of the proceeding, which caused delay, are sufficient to establish the validity of her waiver of the right to counsel even without the "searching inquiry" (see Matter of Holder v Francis, 67 AD3d 679, 680). The record reflects that the mother engaged in the sort of egregious conduct that would justify a finding that she forfeited her right to assigned counsel.

The mother's remaining contentions either are not properly before this Court, need not be reached in light of our determination, or are without merit.

DILLON, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court